FRANK P. GAJDA, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2239–64.    Filed September 10, 1965.

Frank P. Gajda, pro se.
*Joseph T. Kane*, for the respondent.

DAWSON, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1962 in the amount of $783.69.

The three issues for decision are:

(1) Did petitioner provide in the year 1962 more than one-half of the support of his stepfather so as to qualify him as a dependent under section 152(a), I.R.C. 1954?

(2) Did petitioner provide in the year 1962 more than one-half of the support of his five children so as to qualify them as dependents under section 152(a)?

(3) Should payments made by petitioner in 1962 and used in that year for the support of his children be reduced by his child support arrearages when such payments did not reimburse the petitioner's former wife for amounts she expended for the support of the children in prior years?

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Frank P. Gajda (hereafter called petitioner) resides at 4712 Czar Avenue, Cleveland, Ohio. He filed his Federal income tax return for the calendar year 1962 with the district director of internal revenue at Cleveland, Ohio.

Petitioner's stepfather and mother, Ben and Mary Gorski, live in Sharon, Pa., in a home owned by them which has a fair rental value of $60 per month. Ben is retired and Mary is a housewife. Their income, exclusive of the amounts given to them by petitioner during the year, was $50 per month. Petitioner gave Ben and Mary $20 each week during 1962 for their support. He also helped them keep their home in good repair so that he could use it to entertain his children when he visited them on weekends.

The total amount of Ben Gorski's support was at least $1,180 in the year 1962, of which only $520 was provided by the petitioner.

Petitioner and his former wife, Helen, were divorced in 1960 pursuant to a decree entered by the Court of Quarter Sessions, Domestic Relations Division, Mercer County, Pa. On June 27, 1960, the court ordered petitioner to pay Helen $170 per month for the support of their five children, then ranging in age from 1 to 6.

Petitioner and his family lived at one time in Sharon, Pa., where he was employed by the Westinghouse Electric Co. When his employment with Westinghouse was terminated, they moved to Cleveland where he found other work. After the petitioner and Helen separated, he remained in Cleveland while Helen returned to Sharon with the children. When he again became unemployed, the child support payments he had been making pursuant to the court order were suspended on December 19, 1960, until such time as he could obtain new employment. At that time the petitioner was $440 in arrears in his support payments. Petitioner found work in May 1961 and resumed his monthly payments. As of December 31, 1961, the records of the Mercer County Domestic Relations Division showed a total arrearage of $1,318 of which $850 was attributable to the period covered by the suspension order. Petitioner was later given credit for the $850.

In 1962 the petitioner paid $1,760 to Helen out of $2,040 due under the child support order. In addition, he purchased the following items for the children:

| | |
|---|---:|
| 1 microscope | $75.77 |
| 1 typewriter | 41.17 |
| 1 tape recorder | 63.33 |
| 1 gown | 15.00 |
| 1 twin bicycle | 92.98 |
| 1 Communion suit | 53.53 |
| 1 bicycle | 28.81 |
| 1 pencil set | 11.33 |
| Medical expenses | 10.00 |
| Total | 391.92 |

From the time of the divorce, and throughout the year 1962, Helen and the children lived with her mother in Sharon, Pa. Helen estimated that the fair rental value of her mother's home was between $80 and $90 a month. Helen was unemployed in 1960 and 1961, but in 1962 she worked as a registered nurse at the Sharon General Hospital, earning approximately $3,400 during that year.

The following amounts were spent during 1962 for the support of the children:

| | |
|---|---:|
| Food | $1,500.00 |
| Medical and dental expenses | 200.00 |
| Clothing | 600.00 |
| Utilities | 214.25 |
| Health insurance premiums | 108.00 |
| Child care expenses | 108.00 |
| Miscellaneous | 250.00 |
| Total | 2,980.25 |

The total amount spent for the support of the petitioner's children in 1962 was not more than $3,920.40. Of this amount petitioner provided at least $1,971.65.

All of the $1,760 paid by petitioner to Helen in 1962 was used for the support of the children in that year and no part thereof reimbursed Helen for amounts expended by her for the support of the children in prior years.

#### OPINION

In order to carry his burden of proof petitioner must establish both the amount of support he provided in 1962 and the total amount spent in that year for the support of his stepfather and his children. *Aaron F. Vance*, 36 T.C. 547 (1961).

It is clear that petitioner did not provide more than one-half of the support of his stepfather in 1962. His testimony shows that his stepfather and mother shared equally income of $600 a year and the use of a house with an annual fair rental value of $720. Petitioner also testified that he gave Ben and Mary $1,040 during 1962 for their joint benefit. Assuming that each received one-half of these items, Ben's

total support for 1962 was $1,180, of which only $520 was provided by the petitioner. Consequently, petitioner has not met the requirements of section 152(a) and the dependency exemption claimed for his stepfather must be disallowed. We decide this issue for the respondent.

The parties stipulated that petitioner paid in 1962 the total amount of $1,760 to the Mercer County Domestic Relations Division and that it in turn paid such amount to Helen for the support of the children. The parties also stipulated that certain additional items were purchased by the petitioner in 1962. All of these items were purchased for the children's use. However, the petitioner testified that the first three items— a microscope, a typewriter, and a tape recorder—were purchased with a view to benefiting the children when they grow older. We find the alleged benefit to be so remote during 1962 that we have not included the cost of these items in the children's support. Thus, we have found that the petitioner provided $1,760 in cash and $211.65 in specific items, or a total of $1,971.65, for the support of his children in 1962.

In determining the children's total support for 1962, we have only the testimony of Helen Gajda. It consisted entirely of her estimates, unsubstantiated by any documentary evidence. Although her estimates were vague and inconsistent, we have found the various expenses as accurately and as fairly as the record will permit. In doing so, we have concluded that the amount of the total support provided for the children in 1962 was not more than $3,920.40. Of this amount Helen provided $1,220.20, her mother $728.55 (fair rental value of the lodging), and petitioner $1,971.65.

Respondent takes the position that the petitioner should not be given credit for providing the entire $1,971.65 as support for the children in 1962 because he was in arrears for the 2 prior years. The records of the Domestic Relations Division of Mercer County show that petitioner was $1,318 in arrears as of December 31, 1961, of which $850 represented payments suspended by the court order of December 19, 1960. The records further show that on October 7, 1963, the petitioner was given credit for the $850. From this we conclude that the suspension order operated as a cancellation of petitioner's obligation to pay this $850 portion of the arrearages. Nevertheless, we must still consider the remaining arrearages of $468 which were due and owing on December 31, 1961.

Under these particular circumstances it is our opinion that the total amount ($1,760) paid by petitioner and actually used to support his children in 1962 should not be reduced by the arrearages. Plainly there is a presumption that any amounts received in one year are used for support in that year. As we said in *Raymond M. McKay*, 34 T.C. 1080, 1083 (1960) :

Under section 152(a), the year in which the support was received is controlling in determining whether over half of the dependent's support was received from the petitioner since a "dependent" is defined in that section as a person "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." See Rev. Rul. 58-404, 1958-2 C.B. 56.

We have created an exception by our decision in *Thomas Lovett*, 18 T.C. 477 (1952), where the former husband paid the arrearage in the current year to reimburse the divorced wife for amounts which she expended for the support of their children during the period such payments were in arrears. In *Lovett*, the former husband was ordered to pay $12 per week for the support of his two sons. He fell behind in his payments in 1946, and his former wife obtained a court order on January 3, 1947, requiring him to pay $12 each week as support money and $5 each week on the arrearages of $215 until they were liquidated. In 1947 he paid $816; $576 for current support and $240 to "reimburse Clara for amounts she had had to pay for their 1946 support." Here we have a factual situation far different from *Lovett*. This petitioner did not pay any of the 1960 and 1961 arrearages in 1962. All payments were made and used for the current support of his children. Since Helen was unemployed in 1960 and 1961 and, as far as we know, did not use any of her own funds to support the children in those years, none of the amounts received by her from the petitioner in 1962 constituted a reimbursement. To stretch the *Lovett* decision to cover the facts of this case, and thus reduce the child support payments for 1962 by the $468 in arrearages, would produce a strained result not within the spirit of the statute.

Accordingly, we hold that the petitioner provided more than half of the support of his five children in 1962 and is entitled to the dependency exemptions claimed.

To reflect the determinations made herein,

*Decision will be entered under Rule 50.*