George E. Hulse v. Commissioner.
Hulse v. Commissioner
Docket No. 2649-64.
United States Tax Court
T.C. Memo 1966-106; 1966 Tax Ct. Memo LEXIS 172; 25 T.C.M. (CCH) 556; T.C.M. (RIA) 66106; May 25, 1966
*172 Held, petitioner has failed to prove he supplied over one-half of the support of his two minor sons in the taxable year 1962. Milton Josephson, 321 Farnsworth Ave., Bordentown, N.J., for the petitioner. Eugene S. Linett, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in petitioner's income tax of $346.22 for the calendar year 1962. The only issue for decision is whether petition provided more than one-half of the support of his two minor sons so as to qualify them as his dependents under section 152(a)(1) of the Internal Revenue Code of 1954. Findings of Fact
*173 Petitioner is an individual residing at 911 Park Avenue, Trenton, N.J. He filed his 1962 income tax return with the district director of internal revenue for the Camden district of New Jersey. Petitioner and Marie A. Hulse (now Marie A. Hulse Costanzo) were married on July 24, 1948. Born of this marriage were two sons, John E. Hulse, on March 5, 1950, and George K. Hulse, on October 13, 1951. Petitioner and Marie separated on September 2, 1960. On December 7, 1961, it was ordered by the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. M-4094-60, that petitioner pay to Marie A. Hulse, through the Mercer County Probation Department, the sum of $30 per week for the support and maintenance of John E. Hulse and George K. Hulse, the infant children of the marriage. It was further ordered that "the plaintiff, George E. Hulse, shall have reasonable rights of visitation with the said John E. Hulse and George Hulse, the infant children of the marriage." Petitioner and Marie resided apart and the two children resided with Marie for the entire year 1962. On April 23, 1963, the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. M-2557-62, ordered *174 and adjudged "that said plaintiff, George E. Hulse, and the defendant, Marie A. Hulse, be divorced from the bond of matrimony" and that the custody of the infant children "be and the same is awarded to the defendant, Marie A. Hulse * * *." Pursuant to court order, petitioner contributed a total of $1,560 toward the support of his two minor sons, John E. and George K. Hulse, during 1962. In addition to the $15 per week for each son, petitioner also purchased during 1962 clothing for each of his sons in the amount of $100. From January 1, 1962, to October 15, 1962, Marie and her two sons resided at 14 Homestead Avenue, Bordentown, N.J. This house consisted of three rooms, a bath, and a cellar. Marie paid rent to the owner, her father George Meiler, Sr., in the amount of $75 per month, or a total of $712.50. During this period Marie's adult niece and her child also lived with Marie. From October 15, 1962, through the end of the year 1962 Marie and her two sons resided at 16 Dancer Drive, Hamilton Township, N.J. This house consisted of four rooms, an unfinished second floor, and a cellar. Marie paid rent to the owner, Michael Hvasta, to whom she was not related, in the amount of *175 $100 per month, or a total of $300. During this period no one resided with Marie and her two sons. One-fifth of the $712.50 rent paid at Homestead Avenue and one-third of the $300 rent paid at Dancer Drive, or a total of $242.50, is attributable to each son. During the year 1962 Marie paid $235.81 for fuel and heat, $115.69 for gas and electricity, $133.04 for telephone, or a total for utilities of $484.54. One-fifth of 19/24ths of this sum, or $76.72, and one-third of 5/24ths, or $33.65, or a total of $110.37 for utilities, is attributable to each son. In addition to the amounts expended in 1962 by Marie for rent and utilities, Marie spent a minimum for the following items of support for each child: For
Support Item
For John
George
Food
$ 520.00
$ 520.00
Clothing
235.26
179.40
Medical expenses and drugs
108.00
76.00
Drum, drum lessons, & drum
accessories
257.45
Television set
99.95
Shotgun
35.00
Skates, bicycle, and accesso-
ries
62.50
51.50
Vacations
97.00
97.00
Lunches at public school
72.00
72.00
Haircuts, allowances, etc.
137.00
137.00
Dry cleaning and shoe repair
88.00
88.00
Moving and home upkeep
42.38
42.38
$1,497.09
$1,520.73
*176 Including the rent and utilities, Marie spent a total of $1,849.96 for John and $1,873.60 for George. In so doing she used $780 for each child, which she received from petitioner. Marie had other funds available to her during 1962 from the following sources: Gross salary (approximately)
$2,600
Gift from brother John Meiler
500
Marie's share from sale of residence
occupied by petitioner and Marie
750
Gift from present husband, Benjamin
Costanzo (approximately)
520
Total
$4,370
During 1962 the parents of Marie gave each child approximately $160, made up of the following: Cash at Christmas
$ 25
Cash on birthdays
20
Spending money
52
Raincoats, shoes, fishing poles and
reels, and fishing trips (approxi-
mately)
63 $160
The total support for John and George during 1962 was as follows: Support Item
John
George
Rent and utilities
$ 352.87
$ 352.87
Food, including school lunches
592.00
592.00
Clothing
335.26
279.40
Medical expenses and drugs
108.00
76.00
Haircuts, allowances, etc.
137.00
137.00
Dry cleaning and shoe repair
88.00
88.00
Vacations
97.00
97.00
Moving and home upkeep
42.38
42.38
Gifts from mother
197.45
308.95
Gifts from grandparents
160.00
160.00
Total support
$2,109.96
$2,133.60
*177 The above total support was received from three sources as follows: Source
John
George
Petitioner
$ 880.00
$ 880.00
Marie
1,069.96
1,093.60
Grandparents
160.00
160.00
$2,109.96
$2,133.60
Petitioner did not provide more than one-half of the total support of John and George during the year 1962. Opinion The only question presented is the factual one as to whether petitioner furnished more than one-half of the total support of his two sons in 1962, thus making them his dependents. [1] On this question petitioner has the burden of proof. Rule 32, Tax Court Rules of Practice; James H. Fitzner, 31 T.C. 1252; Bernard C. Rivers, 33 T.C. 935; Aaron F. Vance, 36 T.C. 547; Warren C. Mawhinney, 43 T.C. 443, 447, affirmed per curiam, 355 F. 2d 462 (C.A. 3, 1966). See also the respondent's regulations. [2]
*178 The only evidence offered by the petitioner was his own testimony and some documentary evidence to the effect that he paid the $30 per week ordered by the Superior Court of New Jersey and in addition thereto about $100 during 1962 for clothing for each child. In Frank P. Gajda, 44 T.C. 783 (1965), we said, at page 785: In order to carry his burden of proof petitioner must establish both the amount of support he provided in 1962 and the total amount spent in that year for the support of * * * his children. Aaron F. Vance, 36 T.C. 547 (1961). We think that petitioner has failed to sustain his burden of proof that he supplied more than one-half of the support of his two sons. However, respondent offered the testimony of Marie and her present husband, Benjamin Costanzo, together with considerable documentary evidence as to what the total support of the two boys was and by whom it was furnished. We have made our findings from all the evidence that was offered by both petitioner and respondent and admitted by this Court. Most of Marie's testimony was supported by cancelled checks and receipted bills except for such items as food, drugs, haircuts, allowances, *179 dry cleaning, shoe repair, vacations, and gifts from the grandparents, which were estimates of the minimum amount spent for such items. Petitioner did not disprove or rebut such evidence. Gifts are includable in support items. Warren C. Mawhinney, supra.We have accepted estimates as establishing the amount spent where we are convinced of their accuracy. Aaron F. Vance, supra; Frank P. Gajda, supra.In the latter case, we said: In determining the children's total support for 1962, we have only the testimony of Helen Gajda. It consisted entirely of her estimates, unsubstantiated by any documentary evidence. Although her estimates were vague and inconsistent, we have found the various expenses as accurately and as fairly as the record will permit. * * * In the instant case, most of the testimony of Marie was substantiated by documentary evidence and her estimates did not appear to be vague and inconsistent. Petitioner relies mainly on E. R. Cobb, Sr., 28 T.C. 595, to which might be added Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32. In the Cobb case we said: Petitioner *180 was unable to establish the precise amount which the former wife contributed to the support of their children. Nevertheless, the evidence as to her income, the manner in which she lived, and the other circumstances shown by the record, convince us that petitioner has carried the burden of showing that he furnished more than one-half the cost of the support of the two children in the taxable year 1954, and we have so found as a fact. We do not think the Cobb or Mendel cases are of any help to petitioner. We have found as a fact that the total support of John was $2,109.96, of which petitioner furnished only $880, and that the total support of George was $2,133.60, of which petitioner furnished only $880. It follows that petitioner did not provide more than one-half of the total support of John and George during the year 1962. Decision will be entered for the respondent. Footnotes
1. SEC. 152 [I.R.C. 1954]. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, or a descendant of either. ↩
2. § 1.152-1 General definition of a dependent. (2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. * * *↩