Darline S. Ryavec v. Commissioner.
Ryavec v. Commissioner
Docket No. 2245-65.
United States Tax Court
T.C. Memo 1967-56; 1967 Tax Ct. Memo LEXIS 208; 26 T.C.M. (CCH) 304; T.C.M. (RIA) 67056; March 22, 1967
*208 Held, petitioner has failed to prove she supplied over one-half of the support of her minor daughter in the taxable year 1963. Darline S. Ryavec, pro se, 345 E. 73rd St., New York, N. Y. Lawrence J. Shongut and Richard J. Mandell, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in petitioner's income tax of $714.61 for the calendar year 1963. The only remaining issue for decision is whether *209 petitioner provided more than one-half of the support of her minor daughter so as to qualify her as petitioner's dependent under section 152(a)(1) of the Internal Revenue Code of 1954. Several other issues were assigned but were settled by stipulation. Effect will be given to this stipulation in a recomputation to be made under Rule 50. Findings of Fact The stipulated facts are incorporated herein by reference. Petitioner is an individual with residence in New York, N. Y. She filed an individual income tax return for the calendar year 1963 with the district director of internal revenue for the Manhattan district of New York City. Petitioner is divorced from her former husband, Albert P. Ryavec. During 1963 Roberta Ryavec, the only child of the marriage, resided with petitioner. At that time Roberta was 17 years of age and was attending a private school. During 1963 Albert contributed $2,666.72 toward Roberta's support. This amount is made up of the following items: Items
Amount
Support payments made through
the family court
$2,080.00
Application to N.Y.U.
10.00
Voice lessons
240.00
Raincoat
$ 17.98
College entrance examination
12.50
Barnard College application
15.00
Class ring
25.36
Medical care policy
62.88
School accident policy
3.00
Food and entertainment
200.00
Total
$2,666.72
*210 During 1963 Roberta contributed toward her own support an amount of $1,187.74 made up of $687.74 which Roberta earned during 1963 working part time and during vacations, and $500 allowed as a credit toward her school tuition for services rendered by Roberta to the school. During 1963 petitioner had no source of funds other than her salary of under $7,000 and the $40 per week provided by her former husband through the family court for her daughter's support. On her return petitioner reported a total income of $6,456.48. During 1963 petitioner contributed toward Roberta's support an amount not in excess of $3,252. This was less than one-half of the total amount expended for Roberta's support by petitioner, her divorced husband, and by Roberta herself. Opinion The only question presented is whether petitioner is entitled to an exemption of $600 for her minor daughter under sections 151 and 152 of the Internal Revenue Code of 1954, and section 1.152-1 of the regulations, the applicable provisions of which are in the margin.[1] Roberta is a daughter of the petitioner and since she had not attained the age of 19 during 1963, the question is narrowed to whether *211 petitioner supplied over one-half of her daughter's support. This is a factual question in which petitioner has the burden of proof. Rule 32, Tax Court Rules of Practice; Bernard C. Rivers, 33 T.C. 935; Warren C. Mawhinney, 43 T.C. 443, affirmed per curiam, 355 F. 2d 462 (C.A. 3, 1966).
*212 Petitioner testified that she and her daughter lived together in an apartment in New York City for which petitioner paid $200 a month rent and $636 for utilities for the year 1963. Altogether, petitioner testified that with her salary and the $2,080 she received from Albert she paid out $5,332 for the support of Roberta, made up of the following: Rent (one-half)
$1,200
Utilities (one-half)
318
Tuition (exclusive of the $500 credit
Roberta received for her services)
554
Books
183
Music, Records, Tapes
85
Vacations (one-half)
661
Entertainment
115
Car transportation
120
Clothes
714
Beauty shop
50
Voice lessons
380
Dog grooming
35
Food and miscellaneous (one-half)
877
Dentist
40
Total expended
$5,332
Less amount received from Court
2,080
Net amount supplied by petitioner
$3,252
The respondent contends that petitioner's contribution toward Roberta's support cannot reasonably be estimated at more than $2,320. He would exclude the following amounts from the $3,252 petitioner contends she supplied: 50% of clothing $357
Beauty shop
50
Voice lessons
380
50% of car transportation
60
Dog grooming
$ 35
Furniture insurance (utilities)
50
Total $932
*213 It must be remembered that petitioner arrived at the amount of $3,252 by estimating the best that she could from her cancelled checks and the help of Roberta as to exactly how much was spent for the support of Roberta from petitioner's salary and the $2,080 petitioner received from Albert. Petitioner had commingled the $2,080 with her funds and provided for Roberta's support from the commingled fund. She does not contend that she expended more than the $5,332, less the $2,080, or $3,252. What she does contend is that the $3,252 is more than one-half of the $5,332 which, of course, it is. But this contention overlooks the provision of section 1.152-1(a)(2)(i) of the regulations set out in our footnote 1 above. In Frank P. Gajda, 44 T.C. 783 (1965), we said, at page 785: In order to carry his burden of proof petitioner must establish both the amount of support he provided in 1962 and the total amount spent in that year for the support of * * * his children. Aaron F. Vance, 36 T.C. 547 (1961). When consideration is given to the $2,666.72 contributed by Albert and the $1,187.74 supplied by Roberta herself, it is obvious that the $3,252, which petitioner *214 contends she supplied, is less than one-half of the total amount of $7,106.46 provided by Albert, Roberta, and petitioner. By finding as we have found that petitioner contributed toward Roberta's support an amount "not in excess of $3,252" it becomes unnecessary to consider respondent's contention that $932 should be excluded therefrom. We hold petitioner has failed to prove she supplied over one-half of the support of Roberta in the taxable year 1963. Decision will be entered under Rule 50. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer * * *. § 1.152-1 General definition of a dependent. (a)(1) * * * (2)(i) For purposes of determining whether or not an individual received for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. * * *↩