BOBBY R. CASEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2945–71. Filed April 9, 1973.

*Dougal C. Pope*, for the petitioner.
*Robert Jones*, for the respondent.

### OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's 1967 and 1968 income taxes in the amounts of $289.56 and $509.95, respectively.

The substantive issue in both years concerns petitioner's claimed dependency exemptions for his two daughters who lived in the custody of petitioner's former wife during the period herein. There is also a procedural issue involving requests for admissions, which will be discussed herein.

The only evidence offered that was received in evidence was a stipulation and a supplemental stipulation of facts with exhibits attached. No oral evidence was offered by either party. The stipulated facts are so found.

Petitioner is a resident of Baytown, Tex., and has lived in Texas at all times relevant to this case. He filed his Federal income tax returns for the years 1967 and 1968 with the district director of internal revenue, Austin, Tex.

Petitioner is single, having divorced his former wife, Sidonia Casey Jones, in 1964. Prior to their divorce, petitioner and Sidonia had two children, Lisa and Linda. Upon their divorce, custody of petitioner's daughters was awarded to Sidonia, and the divorce decree required petitioner to make bimonthly payments of $50 ($1,200 annually) to the Harris County Juvenile Probation Department for their benefit.

Sidonia remarried after her divorce from petitioner, and during the years at issue, she and petitioner's daughters resided in the household of Ernest E. Jones, which was comprised of seven family members in 1968.

Pursuant to the divorce decree, petitioner made total payments of $450 and $1,950 to the Harris County Juvenile Probation Department for the benefit of the children in 1967 and 1968, respectively. The total support provided for the children in 1968 was $1,805.74 for Linda and $1,605.39 for Lisa. To the extent the support for the two children was not provided by petitioner, it was provided by Mr. and Mrs. Ernest E. Jones.

Of the total child support paid by petitioner in 1968, $750 thereof constituted support owed for prior years.[1]

In the notice of deficiency setting forth the deficiencies herein respondent determined that petitioner was not entitled to dependency exemption deductions for either Linda or Lisa for either year, with the following explanation:

For taxable years beginning after December 31, 1966, a dependency exemption for the child of divorced or separated parents is not allowable to the parent who (a) did not have custody of the child for a greater portion of the year and (b) contributed less than $1200 toward the child's support, *unless* the decree of divorce or separate maintenance (or written agreement between the parents) provides such parent shall be entitled to the exemption.

Petitioner filed his petition with this Court on May 3, 1971, and it was followed by respondent's answer filed June 25, 1971. Thereafter, using rule 36 of the Federal Rules of Civil Procedure as authority, petitioner made two requests for admissions to respondent.

The first request for admissions, filed January 7, 1972, sought respondent's confirmation that petitioner's current taxable incomes for 1967 and 1968 were $5,651.90 and $15,012.39, respectively. These are the amounts petitioner reported on his returns for those years.

Petitioner's second request for admissions, filed May 4, 1972, requested that respondent admit seven statements propounded. Among them were statements that petitioner provided over one-half of his daughters' support during 1967 and 1968.[2]

Both requests for admissions were heard as motions and were denied.

When this case was called for trial, petitioner and respondent submitted a stipulation of facts and a supplement thereto. The stipulations were accompanied by three exhibits, petitioner's returns for 1967 and 1968, and a copy of the Harris County Juvenile Probation Department's record of petitioner's support payments. Petitioner's counsel informed the Court the stipulations and exhibits were submitted only as an alternative to be considered if we first deny his motion for judgment on the pleadings. Counsel for petitioner then tendered as

[1] This statement appears in the supplemental stipulation of facts. However, a report of the Juvenile Probation Department dated Mar. 6, 1972, stipulated as an exhibit by the parties, indicates there was a total arrearage of $850 for years prior to 1968 and that of the $1,850 paid by petitioner during the first 10 months of 1968, $850 was credited to the arrearage. Petitioner appears to have made only one additional payment of $100 during 1968, bringing his total payments in 1968 to $1,950. Respondent, in line with decisions of this Court, recognizes that arrearages paid in the current year may be counted as child support payments for the current year to the extent that the total payments in the current year do not exceed the total obligation for child support payments for the current year, *Frank P. Gajda*, 44 T.C. 783 (1965). This probably explains the discrepancy mentioned above.

[2] These requests are for admission of the ultimate facts involved in this dispute which need not be answered even in litigation governed by the Federal Rules of Civil Procedure. *Pickens* v. *Equitable Life Assurance Society of U.S.*, 413 F. 2d 1390 (C.A. 5, 1969).

evidence petitioner's two requests for admissions and moved that because of respondent's failure to respond thereto, the facts alleged therein be deemed admitted for purposes of this case, and moved for judgment. Petitioner's motion was denied; neither party offered any additional evidence.

The substantive question before us is whether petitioner provided sufficient support for his two minor children in 1967 and 1968 to be entitled to claim dependency exemptions for them. However, in the course of the pleadings the procedural issue has arisen whether petitioner's requests for admissions, which have not been answered by respondent, are to be accepted as established facts. If the requests for admissions are deemed admitted, as petitioner avers, then he argues he is entitled to a judgment on the pleadings.

Without dwelling at length on petitioner's procedural argument, we hold on the authority of *Gilbert C. McKenzie*, 59 T.C. 139 (1972), on appeal (C.A. 5, Dec. 26, 1972), that his requested admissions are not deemed admitted. Petitioner's counsel tried the same tactics in the *McKenzie* case and was unsuccessful.[3] In that opinion, this Court thoroughly and correctly disposed of the identical issue and further endeavored to set out the method provided by our Rules of Practice by which petitioner could obtain the same benefits that he apparently seeks in his requests for admissions.[4] Having failed to heed the teachings of the *McKenzie* opinion petitioner must rely on the stipulated facts to carry his burden of proof.

We turn now to the merits of the substantive issue in this case, looking only to the stipulated evidence and facts.

Section 151(a), I.R.C. 1954, provides that the exemption for dependents shall be allowed as a deduction. Section 152(a) defines a dependent as one of the following individuals (which includes daughters of the taxpayer) over one-half of whose support for the calendar year was received from the taxpayer. Section 152(e)[5] provides a support test in cases of children of divorced parents. Generally, it provides that, absent a provision in the divorce decree or an agreement

---

[3] See also *Julian T. Keith*, T.C. Memo 1973–77, and *Clayton H. Smith*, T.C. Memo 1973–78, both decided this day.

[4] We again emphasize our explanation that a request for admissions is procedural in nature, to expedite the trial process, not evidentiary in nature.

[5] Sec. 152(e) provides, in pertinent part:

(1) GENERAL RULE—If—

(A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion

with regard thereto, a child over half of whose support is provided by his divorced parents, who is in the custody of one or both of those parents for more than one-half of the taxable year, shall be treated as having received over half of his support from the custodial parent, unless he is treated as having received over half of his support from the other parent under paragraph 2. Paragraph 2 provides that a child of divorced parents shall be treated as having received over half of his support from the noncustodial parent if (A) (not applicable here) ; or (B) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one child, $1,200 or more for all such children), and the parent having custody does not clearly establish that he provided more for the support of the child than did the noncustodial parent.

First, there is no evidence that the divorce decree or any agreement provided that petitioner be entitled to claim the dependency exemptions for the two daughters. Accordingly, the issue is narrowed to whether petitioner provided, or is to be treated as having provided, over half the support of either of the two children in either 1967 or 1968.

The record discloses that during 1967 petitioner contributed only $450 support for his two daughters. Clearly, that amount does not establish he met the support test of section 152(e). Petitioner conceded as much on brief, and we hold that he is not entitled to the claimed dependency exemptions for 1967.

During 1968 petitioner made payments of $1,950 for the benefit of his children's support. Of the total amount, however, $750 was arrearages for delinquent 1967 payments, leaving only $1,200 as support payments attributable to 1968. While petitioner does not argue the point, respondent recognizes that inasmuch as petitioner, as noncustodial

of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.

parent, paid $1,200 for the support of the two children in 1968, under section 152(e)(2)(B), he is to be treated as having provided more than half the support of both children unless the custodial parent establishes that she paid more for the support of the children than did petitioner.

It is stipulated that the total support provided for Linda in 1968 was $1,805.74, and for Lisa was $1,605.39, and that all of this support not provided by petitioner was provided by the custodial parent. It is clear that if petitioner's total support payments of $1,200 are divided equally between the two children, then the custodial parent provided more than the $600 support provided by petitioner for each child, and petitioner would not be entitled to the deduction. It is equally clear, however, that if the $750 in arrearages are taken into consideration, petitioner would have provided $1,950 of the total of $3,411.13 provided for the support of the two children in 1968, or more than one-half, and that petitioner would be entitled to the deductions for 1968.

Petitioner argues that all his 1968 payments should be taken into account in determining whether he provided over half the support for the children in 1968, even though some of the money satisfied prior years' obligations. We cannot agree.

In *Thomas Lovett*, 18 T.C. 477 (1952), the husband-petitioner fell behind in his child support payments for 1946 but paid more than his obligation for 1947. This Court held that the excess of the 1947 payments was not support for the children in custody of his former wife for 1947 but was reimbursement to the former wife for amounts she paid for support of the children in 1946. In *Frank P. Gajda*, 44 T.C. 783 (1965), this Court held that where the payments made in the current year did not exceed the petitioner's child support obligations for the current year, the amount of the petitioner's contribution for the support of the children would not be reduced by the arrearages included in the payments if the money was actually spent for child support. And in *Allen F. Labay*, 55 T.C. 6 (1970), affirmed per curiam 450 F. 2d 280 (C.A. 5, 1971), this Court reviewed and approved the conclusions reached in both of the above cases, stating:

The rule in *Lovett* prevents a father from claiming exemptions, to which he might not ordinarily be entitled, by shifting child support from one year to another. On the other hand, the *Gajada* case provides that he will not lose the exemption merely because he is in arrears. The contrary rule might discourage him from making current payments. Petitioner herein falls under the *Lovett* rule. His arrearage payments were not child support in 1966 and 1967.

On the authority of the above cases, we conclude here that the $750 arrearage paid by petitioner in 1968 which was in excess of his obligations for the year 1968, cannot be considered child support pay-

ments for the year 1968. Consequently, it is clearly established that the custodial parent paid more for the support of the two children in 1968 than did petitioner, and petitioner is not entitled to deduct the dependency exemptions.

Petitioner argues not only that section 152 does not lend itself to the judicial interpretation given in the above Tax Court cases and that they were wrongly decided, but also that the rules laid down in those cases do not permit "tax planning" by the petitioner, and that the above cases result in denying petitioner due process of law because as so interpreted the statute discriminates against one who has obtained a divorce when compared to a taxpayer who is married during the taxable year. Petitioner cites *Moritz* v. *Commissioner*, 469 F. 2d 466 (C.A. 10, 1972), reversing 55 T.C. 113 (1970), in support of the latter argument.

Suffice it to say that we think our opinions in the above-cited cases were carefully considered and reached the correct conclusions, and the *Labay* case was affirmed by the Fifth Circuit, the controlling circuit for this case. See *Jack E. Golsen*, 54 T.C. 742 (1970), affd. 445 F. 2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940 (1971). Petitioner has no inviolate right to arrange his child support payments in such a way that it might advantage him taxwise, when it is in defiance of the order of the divorce court whose chief concern is the support of the children. And with regard to petitioner's constitutional argument, section 152, as this Court has interpreted it, does not discriminate against a divorced taxpayer. *Allen F. Labay, supra* at 14. What section 152 attempts to do is to provide rules for determining which taxpayer is entitled to deduct the dependency exemptions. The issue in *Moritz* v. *Commissioner, supra,* was whether section 214 was discriminatory and invalid because it denied a single man the right to deduct payments for the care of his invalid mother strictly on the basis that he had not married. The principle espoused therein is inapposite here.

*Decision will be entered for the respondent.*