JOSEPH V. FREDETTE, JR., and SUE FREDETTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Fredette v. Commissioner
Docket No. 1365-73.
United States Tax Court
T.C. Memo 1975-122; 1975 Tax Ct. Memo LEXIS 249; 34 T.C.M. (CCH) 587; T.C.M. (RIA) 750122; May 5, 1975, Filed Joseph V. Fredette, Jr., pro se. Wayne M. Bach. for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1970 in the amount of $356.13. The issue remaining for decision is whether petitioner is entitled to dependency exemptions for his three minor children who lived with their mother (the former spouse of petitioner Joseph V. Fredette, Jr.) during 1970. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are incorporated by reference. Petitioners are husband and wife *251 who resided in Shively, Kentucky at the time of the filing of their petition. Petitioners filed a joint Federal income tax return for 1970 and Sue Fredette, the second wife of petitioner Joseph V. Fredette, Jr., is a petitioner herein solely by virtue of having filed a joint return with her husband. When used hereinafter, "petitioner" will refer to Joseph V. Fredette, Jr. Petitioner was formerly married to Peggy Constance Fredette. Three children were born of that marriage: Joel M., Deborah Lynn, and Tina Marie. Petitioner and Peggy were divorced in Hardin County, Kentucky, on February 18, 1962. At that time petitioner was serving on active duty with the United States Army and was stationed at Fort Knox, Kentucky. A copy of the divorce decree was not offered in evidence. It appears, however, from the testimony and admissions of the petitioner that custody of the three children was awarded to their mother. It also appears that there was no provision in the divorce decree providing for the payment of child support and no provision granting dependency exemptions for the children to the petitioner, the non-custodial parent. Prior to the divorce and thereafter until sometime in 1968, *252 when petitioner was released from military service, a "Dependents' Class Q Allotment" was made to Peggy by the Army for her benefit and that of petitioner's children. Such an allotment is a payment made directly to a serviceman's wife or children by the Army from money withheld from the serviceman's military pay. The record does not disclose the amount of the allotment made to Peggy and the children in this case. In 1969, after petitioner was released from the military service and apparently the Class Q Allotment had been discontinued, an Order for Support was entered against petitioner by the County Court for Jefferson County, Kentucky, which directed petitioner to make bi-monthly payments of $60.00 for the support of his three minor children. Pursuant to the order of the Jefferson County Court, petitioner paid $1,260.00 during 1970 to the Division of Uniform Support, Jefferson County Attorney's Office, for child support. Of this amount, $120.00 represented arrearages for support payments which were due in 1969. During the taxable year 1970, Peggy and the three children resided in Champlain, New York. Peggy earned no income during 1970 and she and the three children lived in the *253 house of Peggy's father, Homer Pelkey. The State of New York furnished a portion of the support for the three children during 1970. The record does not disclose the amount of the support furnished the children by the State of New York or by their grandfather. Nor is there any evidence in the record as to the total support received by the children during the year 1970. OPINION Section 151(e) of the Internal Revenue Code of 1954[1]/ provides for a dependency exemption for each dependent as defined in section 152. Section 152(a) defines the term "dependent" as including, among others, a son or daughter "over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer.)" Petitioner claims he is entitled to three dependency exemptions because the $1,260.00 he contributed in 1970 was over one-half the amount necessary to support his children. We accept this amount as petitioner's contribution toward the support of his children even though *254 a portion thereof consisted of payments in arrears for 1969. Frank P. Gajda,44 T.C. 783 (1965). We do not accept, however, petitioner's contention that this amount of support entitles him to the dependency exemptions because it is over one-half of an amount he claims was necessary to support his three children. The statute imposes a different and more definite standard, based on actual expenditures by the parents, to determine which divorced parent is entitled to the dependency exemptions. This case presents a factual question and we begin with a consideration of section 152(e). Section 152(e) [2]/ was added to the Code to provide specific rules for determining which divorced or separated parent would be entitled to the dependency exemptions for their minor children. Section 152(e)(1) provides as a general rule that a child of divorced parents is to be treated, for the purpose of section 152(a), as receiving over half his support from the parent having custody the greater portion of the year. Two exceptions to this general rule are contained in section 152(e)(2), and if either exception is met, the children are treated as having received over half of their support *255 from the parent not having custody. Since the petitioner furnished over $1,200.00 in support, and since there was no written agreement between the parents as to which one would be entitled to the deduction under section 151, we are concerned here only with the exception contained in section 152(e)(2)(B). *256 The respondent did not deny that petitioner expended at least $1,200 in support of his children nor did respondent seek to prove that the custodial parent, Peggy, had provided amounts in excess of petitioner's contribution. Section 152(e)(2)(B)(ii). Rather, the respondent contends that the "special rule" of section 152(e)(2) is inapplicable here since petitioner has failed to show, as the statute requires, that the children received over one-half their support in 1970 from their parents, petitioner and Peggy. This Court has held that the reference in section 152(e)(2) to "parents described in paragraph (1)" means parents who are divorced or legally separated and who have contributed over one-half the support of their children during the tax year. Harvey L. Hopkins,55 T.C. 538 (1970). [3]/ We agree with respondent that this threshold question must be determined before the presumptions of section 152(e)(2) are applicable. As indicated by our findings, Peggy and the three children resided in the home of Peggy's father during 1970 and they received financial assistance from the State of New York. Since we cannot determine from the record whether the children *257 received over one-half their total support from their parents, nor did petitioner seek to provide such essential information under section 152(e)(3), we must conclude that 152(e) is inapplicable to our inquiry. To resolve the issue before us, therefore, we must turn to the basic support test contained in section 152(a). Petitioner clearly bears the burden of proving that his expenditures exceeded one-half the total amount actually provided for the childrens' support. Harvey L. Hopkins,supra; Rose D. Seraydar,50 T.C. 756 (1968). Accepting the fact that petitioner contributed $1,260.00 in 1970, he has failed to meet his burden of showing the total amount of support actually expended in behalf of the children during that year from all other sources. No evidence was introduced into the record as to the kind or amount of support provided by the childrens' maternal grandfather, the State of New York, or Peggy. Because of this failure of proof, we are unable to determine the total *258 amount of support, and, similarly, find it impossible to determine whether petitioner's expenditures exceeded one-half of that unknown amount. Accordingly, we must sustain respondent's deficiency determination. Decision will be entered for the respondent.
Footnotes
1. / All references are to the Internal Revenue Code of 1954, as amended.↩
2. / SEC. 152. DEPENDENT DEFINED. * * * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General Rule.--If-- (A) a child (as defined in section 151(e)(3) received over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
3. / See also, Jack C. Edwards,T.C. Memo 1975-72; Parker C. Folse, Jr.,T.C. Memo 1973-98; Income Tax Regs., § 1.152-4(a)↩.