WILLIAM J. AND LOIS M. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 365-77.
United States Tax Court
T.C. Memo 1981-698; 1981 Tax Ct. Memo LEXIS 43; 43 T.C.M. (CCH) 41; T.C.M. (RIA) 81698; December 9, 1981. *43 In 1972 and in 1973 petitioner-husband provided more than $ 1,200 for the support of four children from his former marriage. The former wife was the custodial parent. Respondent did "not clearly establish that [the custodial parent] provided more for the support of [two of the children during 1972 and three of the children during 1973] than the parent not having custody." Held: As to these four children, petitioners are entitled to two dependency exemptions for 1972 and three for 1973. Sec. 152(e), I.R.C. 1954. *44 William J. Walsh and Lois M. Walsh, pro se. Nancy B. Herbert, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax against petitioners for 1972 and 1973 in the amounts of $ 1,221.43 and $ 1,845.58, respectively. The parties have *45 reached agreement on several issues; the issue for decision is whether petitioners are entitled to claim dependency exemption deductions under section 151(e)[1] for 1972 and 1973 on account of four children from petitioner-husband's former marriage. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners William J. Walsh (hereinafter sometimes referred to as "William") and Lois M. Walsh (hereinafter sometimes referred to as "Lois"), husband and wife, resided in Cincinnati, Ohio. William was previously married to Clare M. Walsh (hereinafter sometimes referred to as "Clare"). Their four children (hereinafter sometimes referred to collectively as "the Walsh children") are Daniel (born June 11, 1957), Patricia (born October 21, 1958), Thomas (born October 19, 1960), and Joseph (born September 19, 1962). William and Clare were divorced in 1967. The Decree of Divorce granted custody *46 of the Walsh children to Clare, but did not provide for any allocation of the dependency exemptions. For the years in issue, there was no written agreement containing such a provision as to dependency exemptions. During 1972, the principal place of residence of the Walsh children was with Clare. Clare spent $ 1,945 in rent on apartments for the Walsh children and herself during that year. Each child's allocable portion of the rental expense during 1972 was $ 389. The fair rental value of the furniture provided by Clare and used by the Walsh children and Clare in their three-bedroom apartments in 1972 was $ 40 per month. Each child's allocable portion of the furniture fair rental value for 1972 was $ 96. Additionally, Clare paid $ 100 in 1972 to move the Walsh children and herself to a new apartment. Each child's allocable portion of that expense was $ 20. The amounts spent for support of each of the Walsh children in 1972 are shown in table 1. Table 1 Type of Support
Daniel
Patricia
Thomas
Joseph
Lodging
$ 505
$ 505
$ 505
$ 505
Household expenses (including
160
160
160
160
utilities and drug store
purchases)
Groceries and school lunches
775
765
690
675
Spending money
130
130
80
65
Clothes and laundry [1]
150
150
150
150
Transportation
100
100
50
50
Medical [2]
90
30
30
30
Church
10
10
10
10
Birthday and Christmas
50
50
50
50
presents [3]
Recreation (music lessons,
185
200
5
5
etc.)
Canada vacation - Clare
75
75
75
Florida vacation, visits -
50
355
355
William
Totals
$ 2,230
$ 2,150
$ 2,160
$ 2,130
*47 During 1972, William paid $ 3,337.40 to Clare though the Domestic Relations Court of Hamilton County, Ohio, Bureau of Support, for support of the Walsh children, or $ 834.35 per child. During 1973, the principal place of residence of Patricia, Thomas, and Joseph was with Clare. Daniel lived with his grandmother for nine months during 1973. Thomas lived with his grandmother during the three months, May, June, and July of that year. During 1973, Clare spent $ 2,240 in rent on an apartment for the Walsh children and herself. Each child's allocable portion of the rental expense during that year was $ 448. The fair rental value of the furniture provided by Clare and used by the Walsh children and Clare in their three-bedroom apartment was at least $ 40 per month. Each child's allocable portion of the furniture fair *48 rental value for 1973 was $ 97. The amounts spent for support of the Walsh children in 1973, excluding lodging, are shown in table 2. Table 2 Type of Support
Daniel
Patricia
Thomas
Joseph
Lodging
$ 545
$ 545
$ 545
$ 545
Household expenses (including
90
165
135
165
utilities and drug store
purchases)
Groceries and school lunches
280
960
700
920
Spending money
130
130
80
65
School
15
15
25
10
Clothes and laundry [1]
110
160
150
160
Transportation
50
100
50
50
Medical expense [2]
110
85
80
35
Church
5
15
10
15
Birthday and Christmas
50
50
50
85
presents [3]
Recreation
135
110
45
45
Visits--William
50
250
250
Totals
$ 1,520
$ 2,385
$ 2,120
$ 2,345
During 1973, William paid $ 3,946.14 to Clare through the Domestic *49 Relations Court of Hamilton County, Ohio, Bureau of Support, for the support of the Walsh children. Of the $ 3,946.14, $ 46.14 represented arrearanges in support payments relating to a prior year or years. The $ 3,900 in support for 1973 equals $ 975 per child to clare. On their 1972 and 1973 Federal income tax returns, both petitioners and Clare claimed dependency exemptions for each of the Walsh children. OPINION Petitioners contend that, because William paid more than $ 1,200 in support for the Walsh children in each of the years in issue and respondent did not clearly establish that Clare provided over half of the support of each child, they are entitled to the dependency exemptions for each of the Walsh children. Additionally, they contend that they established that they contributed over half of the support of each of the Walsh children in each year. Conceding that he bears the burden of clearly establishing that Clare provided over half of the support of each child in each year, respondent contends that he has borne his burden and that petitioners are not entitled to the dependency exemption for any of the Walsh children in either year. For 1972, we agree with respondent *50 as to Daniel and Patricia, but with petitioners as to Thomas and Joseph. For 1973, we agree with respondent as to Patricia, but with petitioners as to Daniel, Thomas, and Joseph. Section 151(e) provides, in relevant part, an "exemption of $ 750 for each dependent (as defined in section 152)". Section 152(a)[2] defines a dependent to include a child over half of whose support for the calendar year was received from the taxpayer. In determining whether this support test has been met, section 152(e)[3] provides that, in the absence of an agreement to the contrary, if a child receives over half of his or her support during the calendar year from the child's divorced parents, then the custodial parent is treated as providing over half of the child's support. However, if the noncustodial parent provides $ 1,200 or more for the support of the child (or if there is more than one child, $ 1,200 or more for all the children) for the calendar year, then the noncustodial parent is treated as having provided over half the support for that child unless the custodial parent clearly establishes that *51 the custodial parent provided more for the support of that child during the calendar year than the noncustodial parent. *52 Where, as in the instant case, the custodial parent is not a party to the Tax Court proceeding, the burden falls on respondent to overcome the presumption favoring the noncustodial parent who has furnished at least $ 1,200 of support. We have interpreted "clearly establish" as used in the statute to mean that respondent must overcome the presumption by a "clear preponderance" of the evidence, which, in turn, means positive and explicit proof (as opposed to inferences to be drawn from ambiguous and equivocal proof). Labay v. Commissioner, 55 T.C. 6, 11, 13 (1970), affd. per curiam 450 F.2d 280 (CA5 1971). Neither side makes any effort to allocate support child by child. Apparently, the parties regard the children as being fungible. Each side evidently seeks complete victory, which is consistent with the parties' refusal to settle. We have done the best we could with the information presented on the record in the instant case. In evaluating gaps in the record, we have taken into account respondent's burden of proof. The parties appear to limit their *53 criticism of each other's contentions to a lack of substantiation or identification of various expenses and to whom they relate. We do not understand either party to argue that any particular type of expense presented as evidence as relating to the Walsh children (i.e., the vacations to Florida) does not constitute support or to advocate other than pro rata allocation of items found to be support. [4]
*54 Our conclusions as to total support, support provided by William, and support provided by Clare for each of the Walsh children in 1972 are set forth in table 3. Table 3 Daniel
Patricia
Thomas
Joseph
Total support
$ 2,230
$ 2,150
$ 2,160
$ 2,130
Less: support provided by William
990
995
1,300
1,300
Support provided by Clare
$ 1,240
$ 1,155
$ 860
$ 830
As to 1973, we have found that Daniel and Thomas lived with their grandmother for nine and three months, respectively. [5] Both parties have taken the position at trial and on brief that section 152(e) applies to each of the Walsh children and respondent concedes that he bears the burden of proof. [6]
*55 Our conclusions as to total support, support provided by William, and support provided by Clare for each of the Walsh children in 1973 are set forth in table 4. Table 4 Daniel
Patricia
Thomas
Joseph
Total support
$ 1,520
$ 2,385
$ 2,120
$ 2,345
Less: support provided by
William [1]
1,135
1,190
1,385
1,340
Support provided by Clare
$ 385
$ 1,195
$ 735
$ 1,005
We hold that petitioners are entitled to dependency exemptions as to the Walsh children as follows: for 1972--Thomas and Joseph; for 1973--Daniel, Thomas, and Joseph. Decision will be entered under Rule 155. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
1. Of the clothes and laundry amounts, William provided $ 30 for each of the Walsh children. ↩
2. Of the medical amounts, William provided $ 75 for Daniel and $ 30 for each of the other Walsh children. ↩
3. William provided all the amounts listed for birthday and Christmas presents. The amounts provided by Clare as presents are included in other categories.↩
1. Of the clothes and laundry amounts, William provided $ 30 each for Patricia, Thomas, and Joseph. ↩
2. William provided all the listed medical amounts. ↩
3. Of the birthday and Christmas presents amounts, William provided $ 50 for each of the Walsh children. The amounts provided by Clare as presents, in addition to the $ 35 for Joseph, are included in other categories.↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
3. SEC. 152. DEPENDENT DEFINED. (e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not hving custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. [The subsequent amendment of section 152(e)(2)(B)↩, by section 2139 of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932 (which provides that the noncustodial parent must contribute at least $ 1,200 for each of the children, in addition to satisfying the other requirements, in order to receive the deduction), does not affect the instant case.]
4. As reflected in our findings, we have allocated certain support expenses sufficiently identified as relating to all members of Clare's household (such as rent) on a pro rata basis to Clare and the Walsh children. E.g., McGuire v. Commissioner, 77 T.C.     (slip opin., p. 19) (Oct. 7, 1981). As to expenses which could vary with absence, such as food, we have taken account of the absence of members of that household. Although there are cases where we have decided that nonpro rata allocation of some expense is appropriate (see, e.g., McKay v. Commissioner, 34 T.C. 1080 (1960)), this is a factual determination in each case. Because the Walsh children either were or almost were teenagers and the testimony indicates living arrangements were fairly evenly divided, pro rata allocation seems appropriate here. See Green v. Commissioner, 74 T.C. 1229, 1237↩ (1980). Where appropriate we have also allocated William's support expenses on a pro rata basis.
5. One or both parents must have custody of the child for more than half of the calendar year at issue for section 152(e) to apply. Section 152(e)(1)(B). Section 1.152-4(b), Income Tax Regs.↩, provides in relevant part that the term "custody" for purposes of that section "will be determined by the terms of the most recent decree of divorce * * *." Consequently, even though Daniel lived with his grandmother for nine months, he was in Clare's custody for this purpose. 6. Section 152(e) provides in relevant part that it applies if "a child * * * receives over half of his support during the calendar year from his parents who are divorced * * * under a decree of divorce * * *." There is no evidence as to how much support the grandmother furnished Daniel or Thomas in 1973. However, because respondent not only failed to raise any issue regarding the application of section 152(e)↩, but conceded its application, we will not raise an issue as to its application here.
1. Since each side asks us to take into account only $ 3,900 of the $ 3,946.14 William paid to Clare for child support, we assume that William's payment obligation was only $ 3,900. See Casey v. Commissioner, 60 T.C. 68, 70, 73↩ (1973).