T.C. Memo. 2000-140

UNITED STATES TAX COURT

JEAN CLAUDE GUERRIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18505-98.                    Filed April 13, 2000.

Jean Claude Guerrier, pro se.

<u>Stephen R. Takeuchi</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's 1997 Federal income tax of $2,844.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

The issues for decision are:  (1) Whether petitioner is
entitled to claim a dependency exemption for Chanda A. Jesula

(Chanda); (2) whether petitioner is entitled to claim head of household filing status; and (3) whether petitioner is entitled to an earned income credit (EIC).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Tampa, Florida, when the petition in this case was filed.

Petitioner claimed head of household filing status on his 1997 Federal income tax return. Petitioner also claimed a dependency exemption for Chanda and made a claim for an EIC on which he listed Chanda as his qualifying child. Petitioner concedes that he is not Chanda's biological father. Instead, petitioner described Chanda as a foster child on his 1997 Federal income tax return. Petitioner reported adjusted gross income of $11,023.

Respondent determined that petitioner is not entitled to head of household filing status, the dependency deduction for Chanda, or an EIC.

Section 152(a)(9) defines "dependent" to include an individual over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer, if the individual "has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household." These limitations are applicable in the case of a

foster child claimed as a dependent.  See sec. 152(b)(2).  To demonstrate entitlement to the dependency exemption, a taxpayer must substantiate the amount that he contributed toward the support of the claimed individual and the total amount spent in support of the claimed individual.  See Gajda v. Commissioner, 44 T.C. 783, 785 (1965).

Petitioner contends that in 1997 he gave money to Chanda's mother, Carola Jesula, for Chanda's support.  Petitioner did not have legal custody of Chanda during 1997.  Moreover, Chanda did not reside in petitioner's home during 1997.  Rather, petitioner concedes that Chanda resided with her mother during 1997.  Accordingly, petitioner's home was not Chanda's principal place of abode during 1997.  Petitioner's testimony also does not establish the amount that he contributed toward the support of Chanda or the total amount spent in support of Chanda.

On the basis of the foregoing, we hold that petitioner is not entitled to claim Chanda as a dependent for 1997.

Petitioner is not entitled to head of household filing status for 1997.  A taxpayer may be considered a head of household if, and only if, the taxpayer is not married at the close of the taxable year and maintains as his or her home a household which constitutes for more than one-half of such taxable year the principal place of abode for an unmarried descendant of the taxpayer or for another person who is a

dependent of the taxpayer, if the taxpayer is entitled a deduction for the taxable year for that other person under section 151.  See sec. 2(b)(1)(A)(i) and (ii).

As we discussed above, petitioner concedes that Chanda is not his child and did not reside in his home during 1997. Accordingly, we hold that petitioner is not entitled to claim head of household filing status for 1997.

Petitioner claimed an EIC in the amount of $2,210 on his 1997 Federal income tax return.  In claiming the EIC, petitioner listed Chanda as a qualifying child.  Section 32(a) generally provides an eligible individual with an EIC against his or her income tax liability.  However, section 32(a)(2) limits the amount of credit allowable to a taxpayer.

Section 32(a)(2) provides:

> (2) Limitation.--The amount of the credit allowable to a taxpayer under paragraph (1) for any taxable year shall not exceed the excess (if any) of--
>
> (A) the credit percentage of the earned income amount, over
>
> (B) the phaseout percentage of so much of the modified adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds the phaseout amount.

In the case of an eligible individual with no qualifying child, for 1997 the applicable credit percentage and the phaseout percentage are 7.65, the earned income amount is $4,340, and the phaseout amount is $5,430.  See sec. 32(b).  Accordingly, an

eligible individual with no qualifying children is not entitled to the earned income credit for 1997 if his adjusted gross income is greater than $9,770.  See sec. 32(a) and (b); see also Rev. Proc. 96-59, 1996-2 C.B. 392, 394-395.

Respondent determined that in 1997 petitioner did not have any qualifying children and that pursuant to the limitation contained in section 32(a)(2), he is not entitled to an EIC for 1997.  A qualifying child is defined, among other things, as a son or daughter, stepchild, or foster child of the taxpayer, or a descendant of such a person, having the same principal place of abode as the taxpayer for more than one-half of the taxable year, and who meets the age requirements contained in section 32(c)(3)(C).  See sec. 32(c)(3).

As discussed above, petitioner is not Chanda's biological father.  Moreover, petitioner conceded that Chanda did not reside in his home during 1997.  Accordingly, we hold that petitioner is not entitled to an EIC for 1997.

<u>Decision will be entered for respondent</u>.