OPINION.
 

 Murdock, Judge:
 

 The petitioner contends that the $60,000 which he received in 1946 is taxable as “back pay” under the provisions of section 107 (d) (1). Back pay is defined in (d) (2) to include remuneration received during the taxable year by an employee for services performed prior to the taxable year for his employer
 

 which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings; * * * or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary; * * *
 

 Regulations 111, section 29.107-3 provides tliat an event will be considered similar in nature to those mentioned in section 107 (d) (2) (A) (i), (ii), and (iv)
 

 Only if the circumstances are unusual, if they are of the type specified therein, if they operate to defer payment of the remuneration for the services performed, and if payment, except for such circumstances, would have been made prior to the taxable year in which received or accrued. For the purposes of this section the term ‘‘bade pay” does not include * * * additional compensation for past services where there was no prior agreement or legal obligation to pay such additional compensation.
 

 Section 107 (d) was added by section 119 (a) of the Revenue Act of 1943, but the legislative history of that amendment sheds no particular light on the present question.
 

 The petitioner concedes that there was no bankruptcy or receivership of the employer and no court proceeding commenced in connection with the payment here in question. He must necessarily fail in his contention if he can not show that he would have been paid the amount here in question or some other amount in lieu thereof except for the intervention of some event which would be similar in nature to a dispute as to the liability determined after the commencement of court proceedings. Here there was a dispute. The evidence is conflicting as to whether Thomas was to receive commissions on the accounts opened by him in New York in 1942 and as to when he first insisted he was entitled to such commissions. However, decision of the case need not turn upon that evidence since the petitioner is not able to point to any event similar in nature to a court proceeding which had anything to do with the payment in question. Thomas and his employer were able to settle w7hatever dispute they had through a mere discussion between themselves without the commencement of any court proceeding or without resort to arbitration and without the participation of any agency or tribunal of any kind. Not only do the regulations of the Commissioner fail to help the petitioner, but it is difficult to see how any more specific regulation could help the petitioner and still carry out the intention of Congress as expressed in section 101 (d) (2). The words “which is determined after the commencement of court proceedings” would be superfluous and ineffective if Congress meant that every settlement of a dispute would be sufficient to bring the payment within section 107 (d). Congress must have intended to exclude the settlement of a dispute by the parties through a mere discussion between themselves without the commencement of any court proceeding or without the intervention of any event which might be considered similar in nature to a court proceeding, even though in the discussion between the parties threats of suit might be mentioned.
 

 Decision will be entered for the respondent.