JENNIE S. MESHULAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meshulam v. Commissioner
Docket No. 3538-74.
United States Tax Court
T.C. Memo 1976-111; 1976 Tax Ct. Memo LEXIS 289; 35 T.C.M. (CCH) 501; T.C.M. (RIA) 760111; April 12, 1976, Filed Jennie S. Meshulam, pro se. W. J. Frank, for the respondent. SCOTT SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1971 in the amount of $669.12. The issue for decision is whether petitioner is entitled to claim a dependency exemption for each of her five children. The parties recognize that if petitioner is not entitled to these dependency exemptions, respondent properly disallowed a medical expense deduction which she claimed under section 213, I.R.C. 1954, [1] and if she is entitled to the *292 claimed dependency exemptions, she is also entitled to the medical expense deduction. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Centerville, Massachusetts at the time of the filiing of her petition in this case, filed her Federal income tax return for the calendar year 1971 with the Director, Internal Revenue Service Center, Andover, Massachusetts. Petitioner and her former husband, Isak Ozkultur Meshulam, were divorced by a decree of the Probate Court for Hampton County of the Commonwealth of Massachusetts, entered on March 15, 1968. This decree provided in part: IT IS DECREED, NISI, that a divorce from the bond of matrimony between the said libellant [petitioner] and libellee [petitioner's former husband] be granted the said libellant * * * and that, upon and after the expiration of six months from the entry of this decree it shall become and be absolute unless, upon the application of any person interested within such period, the Court shall otherwise order, and it is further decreed that *293 the care and custody of Rachelle Meshulam, Samuel Meshulam, Suzette Meshulam, Deborah Meshulam, and Andrew Meshulam, minor children of said parties, be awarded to said libellant; that said libellee pay to said libellant for the support of said minors, the sum of two hundred fifty ( $250.) dollars each and every week; that said libellee have the right to claim said minors as his dependents for income tax purposes; * * *. On November 12, 1969, the Probate Court for Hampton County of the Commonwealth of Massachusetts entered an order entitled "Modification of Decree" in which it provided that: [The] decree for divorce granted to said libellant against said libellee and dated March 15, 1968, as modified, be further modified in that the order for payments to be made by said libellee to said libellant be changed, and that said libellee shall hereafter pay to said libellant for the support of [the five minor children] * * * the sum of one hundred seventy-five ( $175.) dollars each and every week; * * *. On October 27, 1970, the probate Court for Hampton County of the Commonwealth of Massachusetts entered an order entitled "Modification of Decree" in which it stated: [That] the *294 decree for divorce granted to said libellant against said libellee and dated March 15, 1968, as modified, be further modified in that the order for payments to be made by said libellee to said libellant be changed, and that said libellee shall hereafter pay to said libellant for the support of herself, the sum of twenty-five ( $25.) dollars each and every week, and the further sum of one hundred fifty ( $150.) dollars each and every week for the support of * * *, minor children of said parties, * * *. On October 27, 1970, the Probate Court of Hampton County of the Commonwealth of Massachusetts also entered an order entitled "Order For Payment of Arrearages." This order provided: * * * [That] said libellee pay to said libellant an additional sum of fifty ( $50.) dollars each and every week, said sum to be applied toward payment of arrearages now due in the sum of two thousand three hundred ($2,300.) dollars under the decree for divorce granted to said libellant against said libellee and dated March 15, 1968, as modified, until paid in full or until the further order of the Court. IT IS FURTHER ORDERED that twenty-five (25%) per cent of all monies earned by said libellant shall *295 also be applied toward payment of said arrearages until paid in full or until the further order of the Court. During the calendar year 1971, petitioner's former husband drew 23 checks to her order for $175 each. Twenty-two of these checks were cashed by petitioner and one check was endorsed by her to her attorney. Of each of the 23 checks written, the amount of $150 was for support of the minor children of petitioner and her former husband. In addition to the 23 checks, petitioner's former husband, in 1971, paid a total of $90 directly to Rachelle Meshulam, one of the children. In accordance with the provisions of the Order For Payment of Arrearages entered by the Probate Court of Hampton County of the Commonwealth of Massachusetts on October 27, 1970, petitioner's former husband paid to her a total of $450 arrearages in 1970. In 1971, he paid to petitioner $600 towards these arrearages and in 1972 he paid petitioner $350 towards these arrearages. Sometime in 1971, petitioner became employed. Because of her employment, the remaining $900 of arrearages was not paid to her by her former husband but was discharged in accordance with the provisions of the Order For Payment of Arrearages *296 that "twenty-five (25%) per cent of all monies earned by libellant [petitioner] shall also be applied toward payment of said arrearages * * *." For the calendar year 1971, petitioner filed Forms 2038-B with the Internal Revenue Service with respect to each of her children. The Form 2038-B for Deborah Meshulam shows her total support in 1971 to be $2,537 and the amount contributed by others (petitioner's former husband) to be $948. For Samuel Meshulam the Form 2038-B shows total support of $1,909 and the total amount contributed by petitioner's former husband to be $948. The Form 2038-B for Suzette Meshulam shows her total support to be $2,133 and the amount contributed by petitioner's former husband to be $948. The Form 2038-B for Rachelle Meshulam shows her total support to be $2,096 and the amount contributed by petitioner's former husband to be $1,038. The Form 2038-B for Andrew Meshulam shows his total support to be $1,887 and the amount contributed by petitioner's former husband to be $748. On each of these Forms 2038-B the total household expenses, including lodging, food, utilities, and miscellaneous expenses, are shown to be $7,397 for six people with $1,233 allocated *297 to each child. The other items shown on the Forms 2038-B were different with respect to each child, but the items covered in each case were clothing, school lunches, medical and dental expenses, and miscellaneous expenses such as recreation, school activities, and birthday and Christmas gifts. During the calendar year 1971, petitioner had custody of all five of the minor children of petitioner and her former husband. During this year, petitioner's former husband provided over $600 for the support of each of the five children. The total support of the five children was provided by their divorced parents. Petitioner, on her Federal income tax return for the calendar year 1971, claimed a dependency exemption for each of her five children and claimed as deductible medical expenses the medical expenses paid for each of the five children. Respondent in his notice of deficiency disallowed dependency exemptions of $3,375 claimed by petitioner and medical expense of $1,071.74 claimed by petitioner with the explanation that under the provisions of section 152(e)(2)(a) petitioner's former husband was entitled to the dependency exemption deduction for each of the five children. He explained *298 the disallowance of the medical expense deduction on the basis that section 213 allows such deduction only for expenses paid for dependents and since ptitioner was not entitled to claim any of the five children as a dependent she was not entitled to the deduction for medical expenses paid for the children. OPINION Section 151(e) allows a taxpayer an exemption for each dependent as defined in section 152. Section 152(a) defines the term "dependent" as any of certain specified individuals, including children, over half of whos support during the calendar year is paid by the taxpayer. However, section 152(e) provides a special test for who is entitled to a dependency exemption for a child of divorced parents. This section [2] provides that if a child received over half of his upport during the calendar year from his divorced parents and is in the custody of both or one of his parents for more than half of the calendar year, he shall be treated as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the calendar year unless he is treated, under paragraph (2) of section 152(e) as having received over half of his support *299 during the calendar year from the other parent. Section 152(e)(2)(A) provides as follows: (2) Special rule. --The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, * * * *300 From the facts in this record we find that petitioner's former husband is entitled to the dependency exemption for each of the five children under the provisions of section 152(e)(2)(A). The decree of divorce of petitioner and her former husband provides that petitioner shall have custody of the children and her former husband shall be entitled to the dependency exemptions for the children for income tax purposes. Petitioner's former husband paid $3,450 directly to petitioner for support of the children and petitioner does not contend that the amount was not pro rata per child. In addition, he paid certain other amounts for one of the children. However, the amount paid directly to petitioner for the support of each of the five children in the calendar year 1971 was $690 so that this payment alone meets the second requirement of section 152(e)(2)(A) that he provide at least $600 for the support of each child during the calendar year. It is difficult to follow all of petitioner's arguments, but as best we understand her contentions, the first is that since, during the year 1971, her former husband should have paid $7,800 for the support of the children instead of only $3,450, he *301 should not be entitled to the exemptions as he did not comply fully with the order of the Probate Court. Petitioner's second contention apparently is that because she was working during part of 1971 the arrearages which her former husband was required to pay under the order of the Probate Court of October 27, 1970, were reduced by $900 and therefore the payments made by her former husband for child support during the year 1971 should be reduced by this $900. She argues that after this reduction is made the amount paid by her former husband for support of each child in 1971 is less than $600. Petitioner's final contention appears to be that because the Probate Court entered several orders modifying the divorce decree by changing the amount her former husband was required to pay for child support, the modifications should be considered to replace the decree. She argues that her former husband does not come within the provisions of section 152(e)(2)(A) since the modifications of the decree of divorce did not provide that he was entitled to the deduction allowable for the dependency exemptions for the children. In our view none of the contentions of petitioner is valid. Section 152(e)(2)(A) *302 is absolute in granting the dependency exemption to the parent who does not have custody of the children if its terms are complied with. Unlike the provisions of section 152(e)(2)(B), which grant to the noncustodial parent contributing over $1,200 a year to the support of his children the dependency exemptions only if the parent having custody does not clearly establish that he or she provided more for the support of the children during the calendar year than the parent not having custody, section 152(e)(2)(A) absolutely grants to the noncustodial parent the right to the deduction where the provisions of section 152(e)(1) and section 152(e)(2)(A) are met. See Vernon L. Sheeley,59 T.C. 531 (1973). Even if we were to assume from the evidence in this case that petitioner has shown that she contributed over half of the support of each of her children, she would not, under the statute, be entitled to the claimed dependency exemptions. The record is clear that the $900 which petitioner claims should be deducted from the payment made to her for child support by her former husband was not an amount paid by petitioner but rather was a reduction in the amount of arrearages *303 that her former husband was required to pay. If it were necessary to count the amounts paid by petitioner's former husband under the order that he pay arrearages in order to arrive at the conclusion that he had paid over $600 for the support of each of his children during 1971, the question would arise whether these arrearage payments should be included in the current year's child support. See Thomas Thompson,18 T.C. 742, 744 (1952), and the discussion of that case in Frank P. Gajda,44 T.C. 783, 787 (1965). See also Bobby R. Casey,60 T.C. 68, 73 (1973). However, in the instant case the record is clear that petitioner's former husband paid more than $600 in 1971 for the support of each of the five children without taking into consideration any of the amounts he paid as arrearages. Petitioner's argument with respect to the modifications of the divorce decree is not clear. None of the modifications changed the provision of the decree granting to petitioner's former husband the right to claim each of the five children as a dependent for income tax purposes. As we understand petitioner's argument, she is contending that a modification *304 of a decree totally replaces the initial decree and therefore anything that is not repeated in the modification is no longer applicable. In our view this interpretation is obviously wrong since the granting of the divorce itself is not repeated in the modifications nor is the granting of the custody of the children to petitioner repeated in the modifications. Petitioner recognizes that she was legally divorced during the year 1971 and had legal custody of the children during that year. The Massachusetts law is clear that a decree for alimony or any allowance for the support of the wife and children may be modified from time to time and that any decree relative to alimony and support allowance for children may be made which might have been made in the original suit. Chapter 208, Annotated Laws of Massachusetts, Section 37. [3] The cases interpreting this section show that the section deals only with a petition for modification and that where a divorce decree made no provision for alimony a petition for alimony should be brought as a separate petition under Chapter 208, Section 34, of the annotated statutes of Massachusetts. See Baird v. Baird,41 N.E. 2d 5 (Mass. 1942). *305 Upon reversal of an order of modification of a decree with respect to alimony entered by a Probate Court in Massachusetts without a showing of a change in circumstances, the entry of a new decree is not required since the original decree is reinstated as of the date of the incorrect modification. Robbins v. Robbins,178 N.E. 2d 281, 284 (Mass. 1961). It is clear that the divorce decree in effect, with respect to petitioner and her former husband in the year 1971, provided that petitioner's former husband should be entitled to the dependency exemption for each of the five *306 children and he paid over $600 in that year for the support of each child. Since the five children were not dependents of petitioner as defined in section 152, she is not entitled in that year to deduct medical expenses paid on their behalf under section 213. [4]
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. ec./ 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule. --If-- (A) a child (as defined in section 151(e) (3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
3. Section 37 of Chapter 208 of the Annotated Laws of Massachusetts provides as follows: Sec. 37. Revision of Decree for Same.
After a decree for alimony or an annual allowance for the wife or children, the court may, from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof, and may make any decree relative thereto which it might have made in the original suit. (1785, 69, sec. 5; 1825, 138; RS 76, sec. 36; 1853, 23, sec. 1; GS 107, secs. 47, 48; PS 146, sec. 39; RL 152, sec. 33.)↩
4. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents.↩