HARVEY L. HOPKINS AND NITA L. HOPKINS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4987–69SC. Filed December 21, 1970.

Harvey L. Hopkins, pro se.
*J. Patrick McElroy*, for the respondent.

HOYT, *Judge:* Respondent determined a deficiency in petitioners' income tax for 1967 in the amount of $487.38. The sole question presented for decision is whether in 1967 petitioner Harvey L. Hopkins furnished more than one-half of the support for his four minor

children of a prior marriage so as to entitle petitioners to dependency exemptions for those children in that taxable year.

### FINDINGS OF FACT

Petitioners are husband and wife and were residing in Lake Park, Fla., at the time the petition herein was filed. Their joint Federal income tax return for the year 1967 was filed with the district director of internal revenue, Southeast Service Center at Chamblee, Ga. Nita L. Hopkins is a petitioner herein solely by reason of having filed a joint return with her husband for the year in issue. Harvey L. Hopkins will hereinafter be referred to as petitioner.

Petitioner was formerly married to Lorraine Hopkins Koester. The marriage ended in divorce in 1960. Four children had been born of that marriage: Stephen, Michael, John, and Janet. Custody of the children was awarded to their mother, Lorraine, and they have been in her custody since the divorce.

During 1967 petitioner's four children lived in the Newport, Ky., home of Lorraine's parents with Lorraine, her parents, and a step-brother. During that year both Lorraine and her father, John B. Reed, contributed toward the support of the petitioner's four children. Lorraine was working as a waitress, at least some of the time, and Reed was working part time and receiving a pension. The record does not show the amount of Lorraine's and Reed's incomes or their contributions to the support of the petitioner's four children during 1967. On his income tax return for 1967, petitioner stated that the amount of support furnished by him was "over 50%" and that the amount furnished by others was "unknown."

Respondent concedes that petitioner contributed $20 per week to the support of his four children during 1967, a total of $1,040 for the entire year.

Two of petitioner's children visited him at his home in Florida during 1967 for 1 month, and the other two children visited him there during another month of that year. In addition to the weekly support payments totaling $1,040 petitioner claims the following amounts as contributions by him for the support of his children:

| | |
|---|---|
| Birthday and Christmas gifts | $80.00 |
| Plane fare for four children to visit petitioner in Florida | 308.88 |
| Food and entertainment for Stephen and John in Florida | 140.00 |
| Food and entertainment for Michael and Janet in Florida | 187.00 |
| Prorata rental value of Florida home during children's visits | 75.00 |
| Prorata utility expense during children's visit | 15.00 |
| Pictures given to the children | 20.00 |
| Souvenirs and games | 40.00 |
| Total | 865.88 |

Although respondent conceded at trial that there was "no problem of substantiation" with respect to the total of the amounts described above, $1,905.88, respondent has not conceded that all of the amounts, including the above-mentioned airplane fares, rental value, and utilities expense, constituted support contributions.

Petitioner offered to pay more than $20 per week for his children's support during 1967, upon certain specified conditions, but Lorraine rejected his offer. Petitioner made no increased support payments to her beyond $5 per child per week.

In his notice of deficiency to the petitioners for the taxable year 1967, respondent disallowed the deductions for dependency exemptions claimed for the four children, stating that "it has not been established that you furnished more than half of the support" during the year as required by section 152 of the Internal Revenue Code.

Petitioner contributed the total sum of $1,507 for the support of his four children by a prior marriage in 1967. The amount of total support furnished for these children or support contributions made by their other parent or by their maternal grandparents or others is unknown.

### OPINION

The question presented is whether petitioners are entitled to deductions for personal exemptions in 1967 under section 151 (a) and (e), I.R.C. 1954. Section 152(a), I.R.C. 1954, defines a "dependent" as a son or daughter of the taxpayer over half of whose support was received from the taxpayer. However, for the year 1967 special statutory provisions are effective with respect to dependency exemption deductions for children of divorced parents.

The general rule in the case of children of divorced parents set forth in section 152(e)(1) is that in the case of a child who "*receives over half of his support during the year from his parents who are divorced,*" (emphasis supplied) the parent having custody is entitled to the exemption deduction. Section 152(e)(2)(B) provides a pertinent exception to this general rule as follows:

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

\*        \*        \*        \*        \*        \*        \*

(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

In order for the special statutory provisions with respect to children of divorced parents to apply, it must first be determined under section 152(e)(1) that a child received over half of his support from his or her divorced parents. The threshold question therefore, in determining which statutory provision to apply, is whether or not petitioner's children received over half of their support from petitioner and their mother, Lorraine, the divorced parents of the four children involved.

As indicated by our findings, the record before us shows that the children of petitioner and Lorraine were in her custody and lived with her in the home of their maternal grandparents during the entire year 1967. We are unable to determine from the record the total support provided for the children in 1967 or how much was contributed for their support by Lorraine or by her father, John Reed, during the year. We therefore cannot conclude that any of the children received over half of his support from his parents in the year before us. Section 152(e) applies only to the extent that one or more of the four Hopkins children in fact received over one-half of their support from Harvey and Lorraine together during the year. Since the evidence before us does not establish that section 152(e) applies (and in fact Harvey has made no claim or contention that it does nor has he sought to utilize the provisions of section 152(e)(3)), we must turn to the basic support test of section 152(a) to resolve the issue before us.

In applying section 152(a), the burden of proof is on the petitioners to prove not only their own expenditures in support of each child, but also that those amounts exceeded one-half of the total support provided. *Rose D. Seraydar*, 50 T.C. 756 (1968); *Aaron F. Vance*, 36 T.C. 547 (1961). Although petitioners need not conclusively prove the exact or precise total amount expended for the children's support, they must provide us with convincing evidence that the amount they provided exceeded one-half of that support. *James E. Stafford*, 46 T.C. 515 (1966).

Petitioner claims that he contributed a total of $1,905.88 toward the support of his four children during 1967. As we have indicated above respondent has conceded that the expenditures were made in the amounts claimed, but he has not conceded that all of the items aggregating this total amount represented support contributions. We conclude that certain items cannot properly be included in support.

It is clear that petitioner expended $1,040 in weekly support payments and $865.88 in other miscellaneous items, a total of $1,905.88. However, $398.88 of this total is represented by $308.88 for airplane

fares paid by petitioner to fly his children to Florida to visit him in 1967, and $90 consisted of the $75 prorata portion of the rental value of his Florida home and the $15 utilities expense for the period during which his children visited him. Items of this nature do not constitute support contributions. *Aaron F. Vance, supra.* See also *Raymond M. McKay*, 34 T.C. 1080, 1083 (1960). Therefore, at most petitioner has established that his total support contribution for the four children was $1,507 in 1967, approximately $375 for each child.

Even assuming arguendo that the total amount of $1,905.88 claimed as petitioner's support contribution was in fact child support as he contends, so that he contributed approximately $475 to each child's support, petitioner has failed to present any evidence from which we could even approximate the total amount of support provided for the children from all sources. Since we do not have this information, it is impossible for us to determine whether petitioner provided more than one-half of his children's total support.

All that petitioner could say at the trial with regard to the children's total support from all sources was that his children's prorata share of the food, rent, and utilities expenses during 1967 in the Reed home "could not be much," and that his children "did not receive a great deal in clothing or entertainment" during 1967. Petitioner also alleges that the children were "in need" during 1967. We are unable to approximate or establish a total support figure for the children from such information.

Petitioner also argues that he had a right to claim his children as dependents for tax purposes in 1967 because he was legally responsible for their support. He also contends that he made efforts to fulfill that responsibility by offering to make additional contributions toward his children's support, but that his offers were rejected. However, the mere fact that a taxpayer has a legal responsibility to support a person does not make that person his "dependent" within the meaning of section 152(a). *John L. Donner, Sr.*, 25 T.C. 1043 (1956). An individual is not a "dependent" under the latter section unless he received over half of his support from the taxpayer. Since petitioner has failed to prove that he contributed over half of his children's support during 1967, it cannot be said that they were his "dependents" within the meaning of the statute.

Respondent's determination is presumptively correct. Absent any showing by petitioners that they complied with the support test of section 152, we must hold that they have failed to carry their burden of proof. Respondent's determination must therefore be sustained.

*Decision will be entered for the respondent.*