Evelina Kubein v. Commissioner.
Kubein v. Commissioner
Docket No. 6143-69 SC.
United States Tax Court
T.C. Memo 1972-12; 1972 Tax Ct. Memo LEXIS 241; 31 T.C.M. (CCH) 28; T.C.M. (RIA) 72012; January 17, 1972, Filed Evlina Kubein, pro se, 27th Ave., San Francisco, Calif. Karim T. Skeen, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1967 in the amount of $446. The remaining issue is whether petitioner is entitled to a dependency deduction in 1967 for her daughter Julia. 29 Findings of Fact Some of the facts were stipulated and they are so found. Evelina Kubein was a resident of *242 San Francisco, California at the time the petition herein was filed. She filed an individual Federal income tax return for 1967 with the western service center, Ogden, Utah. Petitioner and her former husband, Bishara Kubein, had three children: Adele, born October 11, 1954; Julia, born November 5, 1956; and Edmond, born April 13, 1959. On September 22, 1964 petitioner obtained an Interlocutory Judgment and Decree of Divorce in the Superior Court of the State of California for the city and county of San Francisco. A final decree of divorce was entered on September 22, 1965. Petitioner was awarded custody of the three children with visitation rights retained by Bishara Kubein. Under the decree of September 22, 1965, Bishara was ordered to make "alimony" payments of $55 per month to petitioner and, in addition, to make payments to plaintiff "for the support of the minor children" in the amount of $70 per month for each child. During the year 1967 Bishara Kubein made child support payments and alimony payments in accordance with the provisions of said divorce decree. In 1966 petitioner's father went to Italy and petitioner's daughter, Julia, who had been involved in a serious *243 automobile accident, went to stay with her grandfather who placed her in a private Catholic school. During the entire year 1967 Julia lived with her grandfather in Italy. Petitioner reported wages of $4,120 from her full time employment in 1967. She claimed dependency exemption deductions for her three children on her Federal income tax return for 1967. All of the dependency deductions so claimed were disallowed by respondent. Opinion Respondent has conceded that petitioner is entitled to dependency exemption deductions in 1967 under sections 151 and 152 of the 1954 Internal Revenue Code for two of her children, edmond and Adele. We must decide whether petitioner is also entitled to a dependency deduction in 1967 for Julia. At the outset we must point out that the special support test outlined in section 152(e) of the 1954 Internal Revenue Code does not apply here since, on this record, we cannot find that Julia (who lived with her grandfather in Italy during the entire year 1967) received over half of her support during the year from her divorced parents. Section 152(e) (1) of the 1954 Internal Revenue Code; see also Harvey L. Hopkins, 55 T.C. 538 (1970). Under *244 section 152(a) of the 1954 Internal Revenue Code petitioner has the burden of proving that she furnished over one-half of Julia's total support for the year 1967. Aaron F. Vance, 36 T.C. 547 (1961). Petitioner has failed to meet this burden of proof. There is no satisfactory evidence in the record to establish the extent and nature of Julia's support supplied by her grandfather in Italy. Consequently an essential element in petitioner's required proof, i.e., the total support of the child in 1967, is completely lacking. Moreover, petitioner was unable to testify as to the amount of cash payments sent to Italy in 1967 for the support of her daughter and, in fact, stated that "No, I cannot recall any specific payments to her." Thus we have no way of ascertaining the amount contributed by petitioner toward Julia's support in 1967. On this record we must sustain the respondent. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.