JOHN CHAD ROBERTSHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robertshaw v. Commissioner
Docket No. 7367-77.
United States Tax Court
T.C. Memo 1979-235; 1979 Tax Ct. Memo LEXIS 290; 38 T.C.M. (CCH) 935; T.C.M. (RIA) 79235; June 14, 1979, Filed *290 H and W were divorced in 1972. In 1974, both claimed dependency deductions for their two children, who were in the custody of W. In that year, H furnished over $1,200 in support of the children. Held, the Commissioner clearly established that W provided more for the support of such children than did H. Sec. 152(e)(2)(B), I.R.C. 1954. John Chad Robertshaw, pro se. Judy Jacobs, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $350.00 in the petitioner's Federal income tax for 1974. The sole issue for decision is whether the petitioner or his former wife is entitled to claim dependency deductions for their two children. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, John Chad Robertshaw, resided in Hoffman Estates, Ill., at the time he filed his petition in this case. He filed his individual Federal income tax return for the year 1974 with the Internal Revenue Service. John Chad Robertshaw and Beth L. Robertshaw were husband and wife prior to June 16, 1972. Two children were born of this marriage: Christopher, who became 7 years old in 1974, *291 and Craig, who became 5 years old in 1974. By order of the Porter Superior Court, Indiana, Mrs. Robertshaw obtained a decree of divorce from Mr. Robertshaw on June 16, 1972. The decree awarded Mrs. Robertshaw sole custody of her sons and ordered Mr. Robertshaw to pay for the maintenance and support of Christopher and Craig $50 per week, a total of $2,600 per year. The divorce decree also ordered the petitioner to be responsible for major medical and dental expenses for his minor children and to maintain insurance policies on his life and the lives of his minor children. During 1974, the petitioner expended the following amounts in support of his sons: Amount Allocable
Item
Total
To Christopher
To Craig
Support payments
$2,600.00
$1,300.00
$1,300.00
Hospitalization insurance
276.00
138.00
138.00
Food (weekend visits)
600.00
300.00
300.00
Gifts
100.00
50.00
50.00
Entertainment
80.00
40.00
40.00
Transportation
133.00
66.50
66.50
Total
$3,789.00
$1,894.50
$1,894.50
During 1974, the petitioner also expended $226.74 for a "family" life insurance policy and $278.52 for an "educational" life insurance policy. The "family" life insurance policy was revocable and provided for the payment of $10,000 if the petitioner died, *292 $2,000 if Mrs. Robertshaw died, $2,000 on the death of Christopher, and $2,000 on the death of Craig. Mrs. Robertshaw was the primary beneficiary of this policy if the petitioner died, with the children as secondary beneficiaries. The "educational" life insurance policy was revocable and was on the petitioner's own life, with Christopher and Craig as beneficiaries. In addition, during 1974, the petitioner moved from a studio apartment to a one-bedroom apartment, resulting in a $25 monthly increase in his rental expense, and he purchased a bed costing $200. These expenses were partially necessitated by the petitioner's desire to adequately accommodate his children on their weekend visits. During 1974, Mrs. Robertshaw expended the following amounts for the support of her children: Amount Allocable
Item
Total
To Christopher
To Craig
Fair rental of lodg-
ing furnished
$3,050.00
$1,016.67
$1,016.67
Utilities
124.70
41.56
41.56
Telphone
240.00
80.00
80.00
Food and household
supplies
2,080.00
693.33
693.33
Meals away from home
780.00
260.00
260.00
Trips to Wisconsin
200.00
66.67
66.67
Babysitters
1,637.00
818.50
818.50
Clothing, shoes, toys,
and school supplies
880.83
440.42
440.41
Dentist bills
105.00
52.50
52.50
Doctor bills
76.00
38.00
38.00
Prescription drugs
50.00
25.00
25.00
Laundry
143.00
71.50
71.50
Swimming lessons
20.00
10.00
10.00
Transportation
109.20
54.60
54.60
Baseball league fee
23.50
23.50
Nursery school tuition
227.00
227.00
Gifts
300.00
150.00
150.00
Sunday School
contributions
26.00
13.00
13.00
Haircuts
36.00
18.00
18.00
Total
$10,108.23
$3,873.25
$4,076.74
*293 On his Federal income tax return for 1974, the petitioner claimed dependency deductions for his two sons, Christopher and Craig, and on her return for that year, Mrs. Robertshaw also claimed dependency deductions for Christopher and Craig. The Commissioner allowed Mrs. Robertshaw to claim the dependency deductions. In his notice of deficiency, the Commissioner disallowed the petitioner's claim for the dependency deductions. OPINION The sole issue presented for decision is whether the petitioner or his former wife is entitled to dependency deductions for their two sons, Christopher and Craig. Section 152(e)(1) of the Internal Revenue Code of 1954[1] provides that when the parents are divorced, the custodial parent is entitled to a dependency deduction when the child receives over one-half of his support from his divorced parents and is in the custody of either or both parents for more than one-half of the year. However, under the special rule of section 152(e)(2)(B), the noncustodial parent is treated as furnishing over one-half of the support of a child if such parent provides $1,200 or more for the support of such child (or $1,200 for all such children) [2] and if the custodial *294 parent "does not clearly establish" that she provided more support for such child than did the noncustodial parent. It is clear that both Christopher and Craig received over one-half of their support from their parents during 1974 and that both were in Mrs. Robertshaw's custody for the entire year. It is also clear that the petitioner made support payments of $2,600, an amount well in excess of the $1,200 referred to in section 152(e)(2)(B). Thus, under section 152(e)(2)(B)(ii), the burden of proof shifted to the custodial parent, Mrs. Robertshaw, to "clearly establish" that she furnished more support than did the petitioner. This higher standard of proof has been interpreted by this Court to mean: that the common import of the words "clearly establish," as used in section 152(e)(2)(B)(ii), requires only *295 that it be shown by a clear preponderance of the evidence that the parent having custody of the children provided a greater amount for their support than the parent not having custody. A "clear preponderance" of the evidence means something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof. In other words, it is evidence that tends directly to establish the point to which it is adduced, instead of leaving it a matter of conjecture or presumption. * * * [Labay v. Commissioner,55 T.C. 6, 13 (1970), affd. per curiam 450 F. 2d 280 (5th Cir. 1971); emphasis in original.] However, as Mrs. Robertshaw is not a party to these proceedings, this burden of proof falls upon the Commissioner. Labay v. Commissioner,supra at 11. To carry such burden, the Commissioner presented the testimony of Mrs. Robertshaw. She testified to various items of support, such as lodging, food, clothing, medical and dental care, education, child-care expenses, and entertainment. These items of support amounted to $3,873.25 for Christopher and $4,076.74 for Craig. Such items are all properly includable in determining the support of a child. [3] Many of the items *296 were substantiated by documentary evidence, and Mrs. Robertshaw's testimony was both credible and reasonable. Her expenditures for herself and her children did not exceed her net after-tax income plus the amount of the support payments made by the petitioner, nor was her testimony challenged by him. For the purpose of applying the rules of section 152(e), such section provides in part that "amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support." In determining Mrs. Robertshaw's contribution to the children's *297 support, her contribution is the excess of the total amount of support over the amount furnished by the petitioner, the noncustodial parent. Sec. 1.152-4(d)(4), Income Tax Regs.We have found that during 1974, the petitioner furnished $1,894.50 for the support of each of the children. Thus, of the $4,467.75 total support furnished Christopher during 1974, $2,573.25 is considered to have been furnished by Mrs. Robertshaw; and of the $4,671.24 total support furnished Craig during 1974, $2,776.74 is considered to have been furnished by Mrs. Robertshaw. [4] Therefore, we hold that the Commissioner has clearly established that Mrs. Robertshaw provided more for the support of each child than did the petitioner and that he is not entitled to the two dependency deductions for 1974. The petitioner contends that his expenditures for the support of his children should include the premiums which he paid on policies of life insurance on his life and those of his children and the additional *298 cost of renting and furnishing his apartment, which expenses were partially necessitated by his desire to exercise his visitation rights. Although we sympathize with the petitioner, the established case law is to the contrary. Life insurance premiums are not items of support. The cost of carrying these policies did not contribute to Christopher's or Craig's maintenance. See Cramer v. Commissioner,55 T.C. 1125, 1129 (1971); Vance v. Commissioner,36 T.C. 547, 550 (1961). The fact that the petitioner was required to maintain life insurance policies pursuant to the terms of the divorce decree does not alter this result. In addition, the expenditures made by the petitioner in procuring larger living quarters and purchasing a bed in order, at least in part, to adequately accommodate his children on their weekend visits also do not constitute items of support. Mrs. Robertshaw had legal custody of the children and the duty to provide them with a place to live. The petitioner was merely exercising his personal rights of visitation when he brought the children to his home and was under no necessity to provide a home for them. Items of this nature do not constitute support contributions. *299 Hopkins v. Commissioner,55 T.C. 538, 542 (1970); Vance v. Commissioner,supra at 550. Finally, even if we were to have allowed all of the items of support claimed by the petitioner, he still would have furnished less than one-half of his sons' support during 1974. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
2. Sec. 152(e)(2)(B) was amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $1,200 for each↩ of the children, in addition to satisfying the other requirements, in order to receive the deduction.
3. Sec. 1.152-1(a)(2)(i), Income Tax Regs., provides, in part: The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. Turecamo v. Commissioner,554 F. 2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720↩ (1975).
4. Total support for each child is computed as follows: ↩
Christopher
Craig
Expenditures by Mrs. Robertshaw
$3,873.25
$4,076.74
Expenditures by Mr. Robertshaw
(other than support payments)
594.50
594.50
Total
$4,467.75
$4,671.24