FRANK BOWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CAROLYN L. BOWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bower v. Commissioner
Docket No. 9557-76, 10716-76.
United States Tax Court
T.C. Memo 1980-428; 1980 Tax Ct. Memo LEXIS 156; 41 T.C.M. (CCH) 50; T.C.M. (RIA) 80428; September 25, 1980, Filed *156 Held, petitioner Frank Bower is entitled to the 1973 dependency exemption deduction for petitioners' son. Frank Bower, pro se in docket No. 9557-76. Carolyn L. Bower, pro se in docket No. 10716-76. Jack Joynt, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent has determined deficiencies in petitioners Frank and Carolyn L. Bower's income taxes for the year 1973 in the amounts of $203.42 and $328.60, respectively. Due to concessions by both petitioners, the sole issue remaining for decision is which petitioner is entitled to the section 151 [1] dependency exemption deduction for their son, Andrew Bower. [2] *157 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Frank and Carolyn L. Bower (hereafter sometimes referred to as Frank and Carolyn, respectively) were formerly husband and wife. Petitioners filed their 1973 individual Federal income tax returns using the cash method of accounting with the Internal Revenue Service in Memphis, Tennessee. At all times relevant to this case petitioners resided in Louisville, Kentucky. Frank and Carolyn were previously husband and wife. Petitioners' son, Andrew Bower (hereafter sometimes referred to as Andy), was born on February 17, 1967. Frank and Carolyn were divorced on April 15, 1970. Carolyn was awarded custody of Andy and had custody of Andy during all of 1973, except for Andy's visitation period with Frank. [3] *158 Pursuant to the divorce decree, Frank paid $1690.00 ($32.50 per week) as child support for Andy during 1973. However, the divorce decree did not state which petitioner was to claim Andy as a dependent for tax purposes nor was there a written agreement between Frank and Carolyn providing who would be entitled to the deduction for Andy. Andy received over half of his support in 1973 from Frank and Carolyn. For 1973 both Frank and Carolyn claimed a dependency exemption deduction for Andy on their respective returns. During 1973 Frank provided the following items of support for Andy: [4]
ITEM
AMOUNT
Support Payments
$1690.00
Food
250.00
Clothes
150.00
Medical & Dental
100.00
Personal Hygiene
15.00
Entertainment
200.00
Gifts
400.00
Transportation during visits
50.00
Babysitters
30.00
Educational
43.41
Total
$2928.41
Carolyn provided the following items of support for Andy during 1973: [5] *159 ITEM
AMOUNT
Food
$ 798.41
Shelter
600.00
Utilities (including phone)
197.90
Household items
365.87
House Cleaning
74.33
Child Care
502.90
Sunday School
107.22
Gifts
201.23
Entertainment
416.68
Medical & Dental
174.84
Miscellaneous
617.19
Subtotal
4,056.67
Less amounts furnished
by Frank
1,690.00
Total
$2,366.57 Both petitioners claimed Andy as a dependent on their 1973 returns. By letters dated September 10, 1976, respondent disallowed this deduction to both petitioners and determined deficiencies accordingly. ULTIMATE FINDING OF FACT
Frank Bower is entitled to the section 151 deduction for Andy Bower for 1973. OPINION
Petitioners, divorced parents, each claimed their son as a dependent on their 1973 individual income tax returns. Apart from visitations with his father, the son was in his mother's custody for all of 1973. Respondent disallowed the dependency exemption deduction to both petitioners. Thus, the sole issue before us is which petitioner is entitle to claim Andy as a dependent for *160 1973. Resolution of this issue turns upon the application of section 152(e)(2)(B). [6] Under section 152(e)(1), because Andy was in the custody of Carolyn for over one-half of 1973, was in Carolyn's custody more than in Frank's custody, and received over half of his support from Frank and Carolyn, Carolyn (as the custodial parent) would be entitled to the exemption for Andy. However, because Frank provided over $1200 of Andy's support, Carolyn must "clearly establish" that she provided more for Andy's support then did Frank, section *161 152(e)(2)(B)(ii). [7] We hold that Caryolyn has not met her burden. At trial both respondent's counsel and Frank agreed (with minor differences) that Carolyn furnished approximately $4,400 for support of Andy in 1973. Most of the figures furnished by Carolyn were agreed to by respondent on audit. We have found that Carolyn provided $4,056.57 for Andy's support. However, of this amount $1,690 originated in Frank's support payments. Under section 1.152-4(d)(4), Income Tax Regs., $1,690 must be subtracted from Carolyn's expenditures in order to avoid crediting Carolyn with amounts actually furnished by Frank. Frank did not challenge Carolyn's contentions, but argued that he spent $4,954.45 for Andy's support in 1973, which amount includes $1,690 in payments pursuant to the divorce decree. We find that Frank spent $2,928.41 for Andy's support. [8] Our finding is based on Frank's lack of proper documentation for the expenses he urged were incurred. For example, *162 Frank contends that he spent $729.80 for food for Andy in 1973. Andy spent 62 days with Frank in 1973. Thus, Frank claims that he spent about $11.75/day on food for Andy, who was 6 years old at the time. Conversely, Carolyn claims food costs of $798.41 for Andy during the remaining 303 days of 1973, a daily expense of approximately $2.65. Many of the receipts introduced in evidence by both Frank and Carolyn do not appear to be even vaguely related to Andy's support. Based on our examination of the records which are related to Andy's support we find that Frank provided more for Andy's support than did Carolyn. Because Carolyn is not entitled to the deduction under section 151(e) for Andy, she is not entitled to a deduction of $502.90 for child care under Section 214 and $174.84 for medical and dental expenses under section 213. Decisions will be entered under Rule 155 in docket No. 9557-76 and for the respondent in docket No. 10716-76.
Footnotes
1. All statutory references are to the Internal Revenue Code, as amended and in effect during the taxable year in issue, unless otherwise indicated. ↩
2. Petitioner Frank Bower concedes that a Kentucky income tax refund of $10.96 received in 1973 is properly includable in his 1973 taxable income. Petitioner Carolyn L. Bower concedes that she received dividends of $15.00 in 1973 which did not qualify for the dividend exclusion and that her deduction for state and local income taxes for 1973 is $497.40 rather than the $542.00 she deducted on her return. If petitioner Carolyn L. Bower is entitled to the dependency exemption deduction she is also entitled to a child care expense deduction and medical expense deduction for Andrew Bower.↩
3. Frank was entitled to visitation with Andy on every other weekend and for two weeks during the year. During these periods Andy stayed at Frank's apartment.
4. On his 1973 return Frank claimed a section 214 deduction of $1593.09 and a section 215 deduction of $1690.00 for amounts incurred for Andy. Respondent disallowed the total amount of $3283.09 on audit and Frank has not contested that determination.↩
5. In 1973 Carolyn's son from a prior marriage lived with her and Andy. Amounts provided for Andy's food, shelter, utilities (including phone), household items, and household cleaning are therefore Andy's 1/3 share of Carolyn's total expense for such items.
6. SEC. 152(e). Support Test in Case of Child of Divorced Parents, etc. * * * (2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if * * * (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.↩
7. Although Frank spent over $600 on Andy's support in 1973, section 152(e)(2)(A) is inapplicable because of the absence of a provision in the divorce decree or of a written instrument allocating the exemption for Andy to Frank.↩
8. Our finding of the support furnished by Frank does not include the portion of the fair rental value of his apartment which is allocable to Andy's visits. Hopkins v. Commissioner,55 T.C. 538↩ (1970).