ALBAN E. WOOLLEY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woolley v. Commissioner
Docket No. 4302-82.
United States Tax Court
T.C. Memo 1986-418; 1986 Tax Ct. Memo LEXIS 192; 52 T.C.M. (CCH) 398; T.C.M. (RIA) 86418; September 4, 1986. Alban E. Woolley, Jr., pro se. Thomas E. Crowe, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's 1978 and 1979 Federal income taxes in the amounts of $2,940 and $5,161.68, respectively. After concessions, the issues for decision are: (1) whether petitioner is entitled to dependency exemptions for his three children during each year in issue; (2) whether petitioner is entitled to deduct casualty losses of $7,000 in 1978 and $7,000 in 1979; and (3) whether *194 petitioner is entitled to deduct travel and entertainment expenses as claimed in 1978 and 1979. [1]
Some of the facts have been stipulated; this reference incorporates herein the stipulation of facts and attached exhibits. Petitioner resided in Cherry Hill, New Jersey, during both years in issue (1978 and 1979), as well as the date on which the petition was filed. Issue 1. Dependency Exemptions
FINDINGS OF FACT Petitioner is the father of three children from his previous marriage to Dorothy Woolley (now Dorothy Riley). [2] Pursuant to the terms of their 1977 divorce decree, Dorothy was given custody of the three children, and petitioner was ordered to pay $1,300 per year per child in child support. During both years in issue, petitioner and Dorothy together provided over half of each child's support. The children resided with Dorothy in New York during both years in issue; petitioner would occasionally visit the children. Petitioner claimed dependency *195 exemptions for each of the three children for both 1978 and 1979. Respondent disallowed the exemptions on the bases that: (a) petitioner, as the noncustodial parent, did not provide $1,200 or more for the support of each child in each year, and (b) Dorothy, as the custodial parent, provided more for the support of each child during 1978 and 1979 than did petitioner. OPINION A parent is allowed a dependency exemption for each child for whom the parent provides over half the yearly support. Sections 151(e) and 152. [3] Where a child's divorced parents together furnish over half of his support, and the child is in the custody of one or both of his parents for more than half of the year, the child is generally treated as having received over half of his support from the custodial parent. However, if the noncustodial parent provides $1,200 or more for the child's support, and the custodial parent does not clearly establish that she provided more for the support of the child than did the noncustodial parent, the child will be treated as having received more than half of his support from the noncustodial parent. Section 152(e). *196 Petitioner testified that he complied with the terms of his divorce decree which required him to pay $1,300 for the support of each of his children ($3,900 in total) for each year in issue. He submitted no corroborating evidence (such as cancelled checks) that he had made these payments. He did, however, submit cancelled checks which reflected expenses he incurred while travelling from New Jersey to New York to visit his children, and he contends that these amounts should be included in calculating his support payments. Dorothy testified that petitioner did not make all the required child support payments in 1978 and 1979, but rather paid approximately $3,000 in child support in 1979 ($1,000 per child), and somewhat less than $3,000 in 1978. Dorothy submitted expense summaries for 1978 and 1979 which showed that she spent $3,409 to support each child in 1978 and $3,059 for each child in 1979. In addition, she testified that she spent at least $520 in cash per year per child. Based on the testimony of Dorothy, whom we found to be a credible witness, we believe that petitioner did not provide $1,200 or more for any of the children's support in either 1978 or 1979. The expenses *197 incurred by petitioner in exercising his visitation rights do not constitute child support for purposes of section 152. Hopkins v. Commissioner,55 T.C. 538 (1970). [4]
Petitioner produced cancelled checks which reflected the visitation expenses but he produced none with respect to his payments pursuant to the divorce decree. Had he made the requisite amount of child support payments pursuant to the divorce decree, we believe he would have had the cancelled checks for those payments. Moreover, Dorothy clearly established that she paid more for the support of each child than did petitioner for both years in question. Therefore, petitioner is not entitled to the claimed dependency exemptions in either 1978 or 1979. Issue 2.Casualty Loss Deduction
FINDINGS OF FACT Petitioner is in the business of photographing, collecting photographs, and editing photography magazines. He stored photographic equipment, files, photographs and chemicals used in his business in the basement of his home. In 1977, these items were damages when petitioner's hot water heater burst and flooded his basement.
*198 No independent appraisal of the damage was made. Petitioner had, in prior years, deducted the cost of these items as current trade or business expenses. Petitioner was not compensated for this loss by insurance or otherwise. Petitioner deducted $7,000 in both 1978 and 1979 as casualty losses due to the bursting hot water heater. [5] Respondent contends that petitioner had no basis in the items damaged by the burst hot water heater and thus disallowed the casualty loss. OPINION Section 165(c)(3) allows an individual to deduct a casualty loss. [6] The amount of the deduction is the lesser of: (a) the taxpayer's adjusted basis in the property, as determined under section 1.1011-1, Income Tax Regs., or (b) the decline in the property's fair market value. Section 1.165-7(b)(1), Income Tax Regs. Where a taxpayer deducts the cost of property as a current expense, his adjusted basis *199 in the property is zero; he may not thereafter obtain a casualty loss deduction for the same property. Section 1.1016-2(a), Income Tax Regs. See also section 1.161-1, Income Tax Regs.[7]
Petitioner admitted that he had deducted the cost of the equipment, film and chemicals prior to their destruction. He failed to demonstrate that he had basis in any of the damaged property. As he had no tax basis, he is not entitled to the claimed casualty loss deduction for either 1978 or 1979. Issue 3. Travel and Entertainment
FINDINGS OF FACT Petitioner deducted as travel and entertainment expenses $6,624.42 in 1978 and $6,830.85 in 1979. Respondent disallowed deductions for these expenses asserting inadequate substantiation as required under section 274. OPINION Section 274(d) provides that travel and entertainment expenses, in order to be deductible, must be substantiated by adequate records or by *200 sufficient evidence corroborating the taxpayer's own statement. The taxpayer must substantiate (a) the amount of the claimed expense, (b) the time and place of the travel or entertainment, (c) the business purpose of the expense, and (d) the business relationship to the taxpayer of the persons entertained. In order to substantiate his claimed travel and entertainment deductions, petitioner submitted numerous cancelled checks and receipts for various expenses incurred in 1978 and 1979. These documents, however, did not establish that the expenses were either incurred for a business purpose or involved a business relationship with another person. Petitioner did not submit any other evidence or records in support of his claim, except his own testimony, which we found unpersuasive. Accordingly, we hold petitioner failed to meet his burden of proof, and thus sustain respondent with respect to this issue. Rule 142(a). To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. The amount of petitioner's deductible medical expenses will depend on the resolution of these issues.↩
2. Amy, born August 31, 1966 Alban Edward III, born August 22, 1969 Daniel, born March 11, 1975↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect during 1978 and 1979. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See also Penny v. Commissioner,T.C. Memo. 1985-590↩.
5. Petitioner apparently had a net operating loss after taking the casualty loss into account in 1977, the year the hot water heater burst; he carried his loss over to 1978 and 1979, and claimed the loss as an itemized deduction (Schedule A), rather than as a loss from his business (Schedule C).↩
6. Respondent does not distpute that petitioner's loss resulted from a casualty within the meaning of section 165(c)(3) nor that he properly deducted in previous years the cost of the damaged items. ↩
7. See also Greenway v. Commissioner,T.C. Memo. 1980-97↩.