T.C. Memo. 1996-126

UNITED STATES TAX COURT

NORMAN ALFONZO WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27006-93.          Filed March 13, 1996.

Norman Alfonzo Williams, pro se.

<u>Joanne B. Minsky</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1] Respondent determined deficiencies in petitioner's 1989 and 1990 Federal income taxes in the respective amounts of $1,498 and $1,536, and

------

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

an addition to tax for 1989 pursuant to section 6651(a)(1) in the amount of $145.

The issues for decision are: (1) Whether petitioner is entitled to five dependency exemptions under section 151 for the years at issue; and (2) whether petitioner is liable for an addition to tax for failure to file a timely return for 1989 under section 6651.

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated by this reference. Petitioner resided in Eaton Park, Florida, at the time he filed his petition.

Petitioner married Grace Williams in September 1974. Five children were born of this marriage: (1) Samson, born December 15, 1975; (2) Faith, born October 13, 1977; (3) Jesus, born July 14, 1979; (4) Norman, born December 30, 1980; and (5) Mary, born November 30, 1982. Petitioner and Grace Williams separated in May 1984, and, on October 11, 1984, an Order of Support was entered. On June 17, 1985, a divorce decree was entered in the Circuit Court for Polk County, Florida. Pursuant to the Order of Support and divorce decree, Grace Williams received sole custody of the children, with reasonable visitation allowed petitioner, and monthly child support of $150 to be paid by petitioner. There was no provision in the divorce decree providing which parent would be entitled to claim the children as "dependents" under section 151(c). No written document was ever executed by

Grace Williams declaring that she would not claim her children as "dependents".

During the years at issue, the children lived with their mother but visited petitioner on weekends and in the summer months. Petitioner testified that he was often late making his support payments, and, for several years, his Federal and State tax refund checks were withheld and turned over to the State of Florida for application to his arrearages. The parties stipulate that petitioner paid aggregate child support during 1989 and 1990 of $1,879.03 and $2,199.84, respectively. Because Grace Williams was unemployed during the years at issue, the children received the following support from Federal and State agencies:

| Program | 1989 | 1990 |
|---|---|---|
| Aid to families with dependent children (AFDC) | $6,372 | $6,352 |
| Food stamps | 3,708 | 5,269 |

Moreover, all of the children were eligible for Medicaid coverage and benefits, and the entire family lived in subsidized housing provided by the State.

Petitioner's 1989 Federal income tax return was due on or before April 15, 1990. Petitioner did not file any requests for extensions to file, and respondent received petitioner's 1989 return on February 4, 1991. On his 1989 and 1990 Federal income tax returns, petitioner claimed each of the five children as dependents. In the notice of deficiency, respondent determined that petitioner was not entitled to dependency exemptions for any

of his children because petitioner had not established that he was the custodial parent or that the requirements of section 152 to qualify the children as "dependents" had been met for the years at issue.

The determinations by respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152. According to section 152(a), the term "dependent" means certain individuals, such as a son or daughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied,

> such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the custodial parent).

Sec. 152(e)(1).

To decide who has "custody", section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. Since petitioner's divorce decree grants custody of each of the five children to his ex-wife, Grace Williams, she is considered the children's "custodial parent" under section 152(e). As the "noncustodial parent", petitioner is treated as providing over half of a child's support and allowed to claim such child as a dependent if any one of three statutory exceptions is met:

(1)(a) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and

(b) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year (section 152(e)(2));

(2) a multiple support agreement pursuant to section 152(c) determines support (section 152(e)(3)); or

(3)(a) a qualified pre-1985 instrument provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(b) the noncustodial parent provides at least $600 for the support of such child during the calendar year (section 152(e)(4)).

A threshold requirement for the applicability of the special rules of section 152(e) in the case of divorced parents is that the parents must provide over one-half of the child's support. Sec. 1.152-4(a), Income Tax Regs. Therefore, if a third party, such as a Federal or State agency, were to provide 50 percent or more of a child's support, neither parent would be entitled to

claim an exemption.  See, e.g., <u>Hopkins v. Commissioner</u>, 55 T.C. 538, 540-541 (1970); <u>Leggett v. Commissioner</u>, T.C. Memo. 1976-7; <u>Batchelor v. Commissioner</u>, T.C. Memo. 1970-24.

In the instant case, Grace Williams was unemployed during 1989 and 1990 and provided no direct financial support for her children.  The support provided by petitioner in 1989 and 1990 was significantly less than that provided by Federal and State agencies in the form of AFDC payments, medicaid, food stamps, and subsidized housing.  Therefore, we conclude that petitioner and Grace Williams did not provide more than one-half of the support of their five children during the years at issue.  Furthermore, Grace Williams did not sign a written declaration that she would not claim her children as dependents, and there is no evidence of a multiple support agreement.  Based on the foregoing, we conclude that petitioner is not entitled to claim any of his five children as dependents, and respondent's determination disallowing the dependency exemptions claimed by petitioner is sustained.

Next we consider whether petitioner is liable for an addition to tax under section 6651.  This section imposes an addition to tax for failure to timely file a tax return.  The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25

percent of the tax.  The addition to tax is applicable unless it is established that the failure to file is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1). Petitioner bears the burden of establishing that he is not liable for this addition to tax.  Rule 142(a).

Petitioner filed his 1989 Federal income tax return on February 4, 1991, almost 1 year after the return was due.  He filed no requests for extensions and presented no evidence as to why the return was untimely.  Therefore, we sustain respondent on this issue.

To reflect the foregoing,

Decision will be entered

for respondent.