T.C. Memo. 2010-33

UNITED STATES TAX COURT

AHMAD MISBAH SHEIKH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2969-08.                     Filed February 23, 2010.

Ahmad Misbah Sheikh, pro se.

Steven G. Cappellino and Mohammad S. Sohail (student),

for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $4,635 deficiency

in petitioner's Federal income tax for 2005.  The issues

remaining[1] for decision are whether petitioner is entitled to

_____

[1] Petitioner concedes that he is not entitled to file as a
                                        (continued...)

claim dependency exemption deductions and child tax credits for his two children, M.M.S.[2] and M.A.S.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Michigan when the petition was filed.

Petitioner was married to Mymoona Fathima Syed (Ms. Syed) until March 17, 2005. They had two children, M.M.S. and M.A.S, who were born in 2000 and 2002, respectively. In September 2003 Ms. Syed and the children moved into the home of Ms. Syed's parents, Mr. Haffeez Abdul and Ms. Shahnaz Syed (maternal grandparents), in New York. Mr. Abdul's employer provided the home rent free.

On March 17, 2005, petitioner and Ms. Syed signed a consent judgment of divorce (consent judgment) in the Circuit Court,

---

[1](...continued)
head of household and that he is not entitled to a standard deduction of $7,300.

[2]  It is the policy of the Court to identify minors only by their initials.  See Rule 27(a)(3).

Oakland County, Michigan, Family Division. The consent judgment provided that custody of M.M.S. and M.A.S. would be decided at a later date by a New York court and ordered petitioner to pay child support of $1,043 per month to Ms. Syed. The consent judgment did not address whether petitioner or Ms. Syed was entitled to claim the dependency exemption deductions or child tax credits for M.M.S. and M.A.S. for Federal income tax purposes.

On December 16, 2005, the New York Family Court, Erie County, entered a decision and order awarding custody of M.M.S. and M.A.S. to Ms. Syed. The decision and order did not address whether petitioner or Ms. Syed was entitled to claim the dependency exemption deductions or child tax credits for M.M.S. and M.A.S. for Federal income tax purposes.

Petitioner paid child support of $12,530.62 for M.M.S. and M.A.S. to Ms. Syed in 2005. He also paid $5,129 for medical insurance and $674.16 for dental insurance for himself and the children. Petitioner did not know at the time of trial the amount of the insurance premiums attributable to coverage for the children. On brief petitioner claims that medical insurance was $3,420 and dental insurance was $448.10 for the children.

M.M.S. and M.A.S. lived with Ms. Syed and their maternal grandparents in New York in 2005. The maternal grandparents reported wage income of $11,600 on their 2005 Form 1040A, U.S.

Individual Income Tax Return.  They also claimed dependency exemption deductions, child tax credits, and the earned income credit for M.M.S. and M.A.S.

Petitioner reported wage income of $49,600 on his 2005 Form 1040A.  He also claimed dependency exemption deductions and child tax credits for M.M.S. and M.A.S.  Respondent rejected petitioner's electronically filed Form 1040A because the maternal grandparents claimed M.M.S. and M.A.S. as dependents on their 2005 Form 1040A.  Petitioner, thereafter, filed a paper Form 1040A claiming the dependency exemption deductions and child tax credits for M.M.S. and M.A.S.  He did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent to his paper Form 1040A.

Petitioner is unaware of the amount of support the maternal grandparents provided for M.M.S. or M.A.S. in 2005.  He also is unaware of the financial resources the maternal grandparents had in 2005 to provide support for M.M.S. or M.A.S.  He testified, however, that the maternal grandparents "have so much excess of money * * * they don't have any problem".  He also testified that in 2005 M.M.S.' and M.A.S.' housing, school, and transportation were free.

## OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof

to respondent.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

## I.  Dependency Exemption Deductions

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152.  A dependent is either a qualifying child or a qualifying relative. Sec. 152(a).  The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.  A qualifying child must meet the following four statutory requirements:

- Relationship.--The individual (dependent) is the taxpayer's child, a descendant of the taxpayer's child, the taxpayer's brother, sister, stepbrother, or stepsister or a descendant of any such relative.  Sec. 152(c)(1)(A), (2).

- Residence.--The individual has the same principal place of abode as the taxpayer for more than one-half of such taxable year.  Sec. 152(c)(1)(B).

- Age.--The individual must not have attained the age of 19 or must be a student who has not attained the age of 24.  Sec. 152(c)(1)(C), (3)(A).

- Support.--The individual has not provided over one-half of the individual's own support.[3]  Sec. 152(c)(1)(D).

The parties stipulated that M.M.S. and M.A.S. resided in New York with Ms. Syed and their maternal grandparents in 2005. Thus, M.M.S. and M.A.S. did not have the same principal place of abode as petitioner for more than one-half of the taxable year. See sec. 152(c)(1)(B).  Accordingly, neither M.M.S. nor M.A.S. is petitioner's qualifying child under section 152(c).

A qualifying relative must meet the following four statutory requirements:

- Relationship.--The individual (dependent) is the taxpayer's child, a descendant of the taxpayer's child, the taxpayer's brother, sister, stepbrother, or stepsister; the taxpayer's father or mother or an ancestor of either, the taxpayer's stepfather or stepmother, a son or daughter of the taxpayer's brother or sister, a brother or sister of the taxpayer's father or mother, a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or

---

[3]  A taxpayer must establish the total cost of support expended on behalf of a dependent from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The term "support" includes items such as food, shelter, clothing, medical and dental care, education, and the like and certain Government benefits.  Sec. 1.152-1(a)(2)(i) and (ii), Income Tax Regs.

sister-in-law; or an individual (other than an individual who at any time during the taxable year was the taxpayer's spouse determined without regard to section 7703) who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household during the taxable year.  Sec. 152(d)(1)(A), (2).

• Gross Income.--The individual's gross income for the taxable year is less than the exemption amount ($3,200 for 2005).  Sec. 152(d)(1)(B).

• Support.--The taxpayer provides over one-half of the individual's support for the taxable year.  Sec. 152(d)(1)(C).

• Not a Qualifying Child.--The individual is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1)(D).

Petitioner did not substantiate the amount of M.M.S.' or M.A.S.' support from all sources in 2005.  See supra note 3. Thus, petitioner did not establish that he provided over one-half of either child's support for 2005.  See sec. 152(d)(1)(C).  In addition, petitioner has not established that neither M.M.S. nor M.A.S. is a qualifying child of any other taxpayer for 2005 (e.g., the maternal grandparents).  See sec. 152(d)(1)(D).

Accordingly, neither M.M.S. nor M.A.S. is petitioner's qualifying relative under section 152(d).

Section 152(e)(1), however, provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), or the so called tie-breaking rule of section 152(c)(4). A child will be treated as the noncustodial parent's qualifying child or qualifying relative if the following five statutory requirements are met.

- Support.--The child receives over one-half of child's support during the calendar year from the child's parents. Sec. 152(e)(1)(A).
- Parents.--The parents are divorced or legally separated under a decree of divorce or separate maintenance, are separated under a written separation agreement, or live apart at all times during the last 6 months of the calendar year. Id.
- Custody.--The child is in the custody of one or both parents for more than one-half of the calendar year. Sec. 152(e)(1)(B).
- Custodial Parent Releases Claim to Exemption.--The custodial parent signs a written declaration (in such manner and form as the Secretary may prescribe) that

the custodial parent will not claim the child as a dependent for the taxable year.  Sec. 152(e)(2)(A).

• Noncustodial Parent Attaches Release to Return.--The noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year. Sec. 152(e)(2)(B).

Petitioner did not substantiate the amount of M.M.S.' or M.A.S.' support from all sources in 2005.  Thus, petitioner did not establish that he and Ms. Syed provided over one-half of their support for 2005.  See sec. 152(e)(1)(A); see also Hopkins v. Commissioner, 55 T.C. 538, 541 (1970) (taxpayer failed to show that children received over one-half of their support from their divorced parents; thus, section 152(e) did not apply); Frazier v. Commissioner, T.C. Memo. 1973-21.  Petitioner also did not attach a Form 8332 or its equivalent to his return.  See sec. 152(e)(2). Accordingly, neither M.M.S. nor M.A.S. is treated as petitioner's qualifying child or qualifying relative under section 152(e)(2).

II.  Child Tax Credits

A taxpayer may claim a child tax credit for "each qualifying child".  Sec. 24(a).  A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).

Because we have concluded that neither M.M.S. nor M.A.S. is petitioner's qualifying child nor treated as such under section

152(e), he is not entitled to child tax credits for them.

Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.